# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 19, 2013 Session

# TENNESSEE DEPARTMENT OF HEALTH AND THE DIVISION OF HEALTH RELATED BOARDS v. KANDALA CHARY ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 081645 - IV      Russell T. Perkins, Chancellor**

**No. M2012-00866-COA-R3-CV - April 12, 2013**

The Tennessee Department of Health appeals from the award of attorneys' fees and costs to four doctors following the dismissal of its administrative action against the doctors. Following a contested case hearing in which all material facts were stipulated, the Board of Medical Examiners dismissed all charges upon the finding that "the Department had not proven facts sufficient to establish that Respondent[s] violated Tenn. Code Ann. §§ 63-6-101 *et seq.*, 63-6-214, and Tenn  Comp. R. [and] Regs." When the Department did not seek judicial review of the dismissal, the doctors requested and were awarded their attorneys' fees and costs. The Department then filed a Petition for Judicial Review of the award. The chancery court affirmed the award and this appeal followed. Finding there is substantial and material evidence to support the administrative law judge's decision to award the attorneys' fees and costs under Tennessee Code Annotated § 4-5-325, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter, and Sue Ann Sheldon, Nashville, Tennessee, for the appellant, Tennessee Department of Health and the Division of Health Related Boards.

Daniel Davis Warlick, Nashville, Tennessee, for the appellee, Kandala Chary.

Francis Joseph Scanlon, Nashville, Tennessee, for the appellees, Susan Alex, Murty Narapareddy, and Shirish Joglekar.

**OPINION**

Tennessee Kidney Clinics, Inc. ("TKC") operates seven dialysis clinics in West Tennessee. Drs. Kandala Chary, Susan Alex, Murty Narapareddy, and Shirish Joglekar ("Respondents") are duly licensed nephrologists and part-owners and/or staff physicians at the TKC clinics.

In 2004, a patient of a TKC clinic filed a complaint with the Tennessee Department of Health's Division of Health Care Facilities ("the Department") alleging that patients at TKC's dialysis clinics were not receiving the proper medication. The Department's Division of Health Care Facilities initially investigated the complaint and then referred the complaint to the Department's Bureau of Investigations. Thereafter, the Department retained an expert, Dr. Caroline Cooley, who reviewed the investigation materials and made two reports opining that the doctors' conduct was unprofessional, dishonorable, and unethical.

In March 2007, the Department filed administrative charges against each Respondent. These charges were later amended to allege that each Respondent failed to properly document the omitted or decreased dosages in the patients' medical records and failed to document that the patients were counseled regarding the effect of not receiving all medications as prescribed, which acts or omissions constituted unprofessional, dishonorable, and unethical conduct. The four separate cases were consolidated.

Prior to the contested case hearing, the parties stipulated to certain material facts. It was stipulated that TKC experienced a significant shortage of erythropoictin and/or intravenous iron (anti-anemia agents) due to a "computer glitch" by a Medicare third party payer and, as a result of the shortage, some TKC dialysis patients did not receive any dosages or received limited dosages of anti-anemia agents according to facility protocols from June 2004 to September 2004. It was further stipulated that after four months of repeated assurances that the payment problem would be quickly resolved but was not, Dr. Chary, the medical director of TKC, obtained a personal line of credit of $1 million to purchase anti-anemia agents to administer to the patients.

A contested case hearing occurred on March 19, 2008, before a three-member panel of the Board of Medical Examiners. At the close of the hearing, Respondents moved for a directed verdict, which was granted, and the consolidated cases were dismissed upon the finding that "the Department had not proven facts sufficient to establish that Respondent[s] violated Tenn. Code Ann. §§ 63-6-101 *et seq.*, 63-6-214, and Tenn Comp. R. [and] Regs." The Department did not seek judicial review of the dismissal.

Following the dismissal, Dr. Chary submitted a Motion for Award of Costs pursuant to Tennessee Code Annotated § 4-5-325, seeking $26,726.10 for his attorneys' fees and expenses. The other three respondents subsequently filed motions seeking $28,696.60 for their costs. The administrative law judge entered orders on May 29, 2008, and June 30, 2008, granting both motions for costs. In the orders, the administrative law judge found that the charges against Respondents were not well grounded in fact. Thereafter, the Department filed a petition for reconsideration arguing that the administrative law judge incorrectly applied Tennessee Code Annotated § 4-5-325(a)(1) and that Respondents were not entitled to their attorneys' fees because the charges were well grounded in fact and warranted by existing law. The Department's motion was denied in an order entered on June 30, 2008.

In July 2008, the Department filed a Petition for Judicial Review of the orders awarding attorneys' fees and costs in the Davidson County Chancery Court. On March 19, 2012, the chancery court issued a Memorandum and Order affirming the orders of the administrative law judge awarding Respondents their attorneys' fees and costs. The chancery court found that an award of attorney's fees under Tennessee Code Annotated § 4-5-325 was appropriate "when the agency's conduct reflects a failure to abide by its own rules and regulations, and/or fails to use sound judgment when conducting an inquiry bringing charges or imposing disciplinary actions and/or sanctions." The court found the Department relied upon the findings of its investigator, Joyce Hudspeth,[1] and its expert witness, Dr. Caroline Cooley, to initiate the charges. Ms. Hudspeth testified that she was unaware that the shortage of medications was due to a computer glitch and not the fault of the Respondents. As for Dr. Cooley, her sole basis for finding the doctors acted unethically was the failure to document in their records that the patients were informed of the medication shortage; however, the trial court noted that the expert did not have any proof that the doctors had not discussed the shortage of medications with the patients nor did the expert point to a rule or regulation that was violated by the failure to document such a discussion in the patient records. As for the first charge against Respondents, the alleged failure to document the omitted or decreased doses of anti-anemia agents, the trial court noted there was no evidence that the doctors failed to document this fact; thus, the court found that the Department brought this charge without a sufficient basis in fact. As for the second charge, that it was unprofessional not to document on each patient's chart that the lack of medication was discussed with them, the trial court found this charge was brought without sound judgment because the Department made no investigation into the cause of the medication shortage prior to the charges being brought. Accordingly, the trial court found that the administrative law judge's decision to award the Respondents their attorneys' fees was based upon substantial and material evidence. The Department filed a timely appeal to this court.

---

[1] At the time of the contested case hearing, Ms. Hudspeth was the Department's Regional Coordinator for West Tennessee.

ANALYSIS

Judicial review of decisions of administrative agencies, when those agencies are acting within their area of specialized knowledge, experience, and expertise, is governed by the narrow standard contained in Tennessee Code Annotated § 4-5-322(h) rather than the broad standard of review used in other civil appeals. *Willamette Indus., Inc. v. Tenn. Assessment Appeals Comm'n,* 11 S.W.3d 142, 147 (Tenn. Ct. App. 1999) (citing *Wayne County v. Tenn. Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 279-80 (Tenn. Ct. App. 1988)).

The trial court may reverse or modify the decision of the agency if the petitioner's rights have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1)     In violation of constitutional or statutory provisions;

(2)     In excess of the statutory authority of the agency;

(3)     Made upon unlawful procedure;

(4)     Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5)(A) Unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 4-5-322(h)(1)-(5)(A). However, the trial court may not substitute its judgment concerning the weight of the evidence for that of the Board as to questions of fact. Tenn. Code Ann. § 4-5-322(h)(5)(B); *see also Jones v. Bureau of TennCare*, 94 S.W.3d 495, 501 (Tenn. Ct. App. 2002). The same limitations apply to the appellate court. *See Humana of Tenn. v. Tenn. Health Facilities Comm'n*, 551 S.W.2d 664, 668 (Tenn. 1977) (holding the trial court, and this court, must review these matters pursuant to the narrower statutory criteria). Thus, when reviewing a trial court's review of an administrative agency's decision, this court is to determine "whether or not the trial court properly applied the . . . standard of review" found at Tennessee Code Annotated § 4-5-322(h). *Jones*, 94 S.W.3d at 501 (quoting *Papachristou v. Univ. of Tenn.*, 29 S.W.3d 487, 490 (Tenn. Ct. App. 2000)).

On appeal, the Department contends that the trial court erred in affirming the administrative law judge's award of attorneys' fees and costs pursuant to Tennessee Code Annotated § 4-5-325. This statute provides that:

(a) When a state agency issues a citation to a person, local government entity, board or commission for the violation of a rule, regulation or statute and such citation results in a contested case hearing, at the conclusion of such hearing,

the hearing officer or administrative law judge may order such agency to pay to the party issued a citation the amount of reasonable expenses incurred because of such citation, including a reasonable attorney's fee, if such officer or judge finds that the citation was issued:

> (1) Even though, to the best of such agency's knowledge, information and belief formed after reasonable inquiry, the violation was not well grounded in fact and was not warranted by existing law, rule or regulation; or
>
> (2) For an improper purpose such as to harass, to cause unnecessary delay or cause needless expense to the party cited.

Tenn. Code Ann. § 4-5-325.

This statute was addressed by this court in *American Child Care Inc. v. State of Tenn., Dept. of Human Services*, 83 S.W.3d 148 (Tenn. Ct. App. 2001). In that case, a child care facility, whose license had been suspended and later reinstated, appealed from the trial court's summary judgment in favor of the Department on the issue of attorney's fees. *Id*. This court held that the trial court erred in granting summary judgment to the Department and held that the child care facility was entitled to attorney's fees. *Id*. at 153. In doing so, this court held that Tennessee Code Annotated § 4-5-325(a) did not require a showing of intentional conduct, such as harassment or bad faith by an agency in order for attorney's fees to be awarded. *Id*. at 152. In fact, this court noted that "a proceeding brought with the utmost good faith may result in an award of attorney's fees to the cited party if the citation was not well grounded in fact and not warranted by existing law." *Id*. The court found that the suspension of the child care facility's license was not well grounded in fact because "there was not an adequate investigation in implementing the zero tolerance policy," and the Department acted outside of existing law in applying its zero tolerance policy as the trial court had ruled that the Department had violated Tennessee law as well as its own regulations. *Id*. at 153.

In this case the administrative law judge did not articulate its reasoning for finding that the citations against Respondents were not well grounded in fact or warranted by existing law, rule, or regulation. The trial court found that the first charge, that the doctors acted unethically by failing to document the omitted or decreased doses of anti-anemia agents, was not well grounded in fact as there was no evidence that the doctors failed to do so. Based upon our review of the record, we agree with the trial court. The evidence showed that the reduced or missed doses were being recorded either in trending reports or in the patients' medical records. In fact, Ms. Hudspeth, the Department's investigator, confirmed that the reduced or missed medications were being recorded in the trending reports, which

she examined as part of her investigation. Notably, Ms. Hudspeth stated that as part of her investigation she did not examine the patients' records. In her deposition, Dr. Cooley also stated that there was documentation regarding the reduced or missed doses. Thus, one of the charges of unethical conduct in the citation against the doctors was not well grounded in fact.

As for the second charge, that Respondents' failure to document that the patients were counseled on the reduced or missed doses of the anti-anemia agents constituted unethical behavior, which was based solely upon the opinion of Dr. Cooley, the trial court found that this charge was brought without sound judgment because there was no investigation into the cause of the medication shortage prior to the charges being brought. This was evidenced by the statement of Ms. Hudspeth, who when questioned, stated that she understood there was an issue that a third-party payer was not making payments, but that she did not recall this was specific to the medications.[2] Further, Dr. Cooley stated that she believed that the patients were not counseled about the medication shortage, purely based upon the lack of documentation and not on any proof that they were not informed. In fact, Dr. Cooley stated that no witness she spoke with told her that the patients had not been told. The stipulated evidence at trial was that Respondents had discussed the medication shortage with some, but not all, of the patients. Thus, there was sufficient evidence for the administrative law judge to conclude that this charge was not well grounded in fact. Additionally, the trial court observed that the Department failed to identify any rule or regulation that makes it unprofessional not to document that a patient was counseled about a shortage of medication on the patient's chart. Citing to this court's opinion in *Rich v. Tenn. Bd. of Med. Examiners*, 350 S.W.3d 919, 928 (Tenn. 2011), the trial court correctly noted that a Board must identify with particularity the standard and the alleged deviation from that standard in order to provide the physician under investigation with a fair opportunity to respond to a charge of negligence. This is also required in order to provide a reviewing court the opportunity for a meaningful review. *Id*. This record reveals that the Department failed to do that in this case and we agree with the trial court's finding that Dr. Cooley's professional opinion that the failure to document a shortage of medicine was unethical did not satisfy this requirement. Thus, as the trial court pointed out, the charges against Respondents also were not warranted by an existing law, rule, or regulation.

---

[2] The Department argues that the trial court "misread or misunderstood the record in several respects and focused inappropriately upon the cause of the Respondents' actions rather than upon the actions themselves." The Department then points to the reports by Dr. Cooley, which evidence she was aware of the Medicare reimbursement problems. However, we believe the Department is the one who misread the trial court's Memorandum and Order as the trial court clearly pointed to the testimony of Ms. Hudspeth, who admitted her lack of awareness as to the cause of the medication shortage. We further note that in Dr. Cooley's deposition, she admitted she did not fully understand what the payment problem was.

We also find it relevant that during these proceedings, meaning after the charges were filed, evidence was available to the Department that was sufficient to put the Department on notice that the charges were not well grounded in fact and not warranted by existing law, rule, or regulation; therefore, the Department could have mitigated its damages – the amount of attorneys' fees and costs – by voluntarily dismissing the charges, but it did not.

Based upon the above considerations, we find that there is substantial and material evidence to support the administrative law judge's determination that the Respondents are entitled to attorneys' fees and costs under Tennessee Code Annotated § 4-5-225.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellant, Tennessee Department of Health and Division of Health Related Boards.

_____
FRANK G. CLEMENT, JR., JUDGE