IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 8, 2001 Session

## AMERICAN CHILD CARE, INC. v. STATE OF TENNESSEE, DEPARTMENT OF HUMAN SERVICES, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 00-413-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2000-01790-COA-R3-CV - Filed December 10, 2001**

---

This appeal arises from the trial court's denial of appellant American Child Care, Inc.'s, request for attorney's fees resulting from an administrative action in which appellant's license was suspended and later reinstated. The trial court later granted appellee summary judgment on all issues, including attorney's fees. We reverse the trial court's decision denying the appellant's application and remand to the trial court to set a reasonable fee for the appellant.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and JOHN A. TURNBULL, SP. J., joined.

James D. Kay, Jr. and John B. Enkema, Nashville, Tennessee, for the appellant, American Child Care, Inc.

Paul G. Summers, Attorney General and Reporter; Elizabeth C. Driver, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

This case stems from an incident that occurred at American Child Care Center, owned by appellant, American Child Care, Inc., located in Nashville, Tennessee. On February 1, 2000, a three-year old child walked out of American Child Care Center and walked into traffic on White Bridge Road in Nashville. An employee at a neighboring business saw the incident and safely retrieved the child from the street.

On February 9, 2000, the Department of Human Services summarily suspended the appellant's license based on its "zero tolerance policy." The zero tolerance policy is an internal

policy of the Department implemented to "represent[ ] a tougher stance on serious violations that place children at risk of harm."

The appellant immediately filed a complaint and motion for a restraining order in Davidson County Chancery Court. The appellant asked the trial court to enjoin and restrain the appellee from taking any action to enforce its Order of Summary Suspension. On February 10, 2000, the trial court denied the motion for a restraining order and converted the motion to an application for stay of an agency action under Tenn. Code Ann. § 4-5-322(a)(1) and (c).

The Department held an informal hearing February 11, 2000 and upheld the summary suspension. On February 16, 2000, the trial court held a hearing on the application for a stay and later filed a Memorandum and Order ruling that the Department had denied the appellant a fair hearing on the reason for continuing the summary suspension. The court also held that, as applied, the zero tolerance policy violated state law. The court required the appellee to hold a second hearing regarding the suspended license taking notice of the trial court's decision. The trial court did not lift the suspension of appellant's license.

On February 23, 2000, appellee held a second informal hearing and upheld the suspension of appellant's license. Working with the Department, the appellant was able to get its license reinstated on February 29, 2000. The appellant filed a Second Amended Complaint which included a request for attorney's fees pursuant to Tenn. Code Ann. § 4-5-325. On March 14, 2000, appellee filed a motion for summary judgment to dismiss the appellee's complaint in the trial court. On June 21, 2000, the trial court granted appellee's motion for summary judgment on all causes of action.

**II.**

Appellant argues that the trial court erred in granting summary judgment to appellee on appellant's claim for attorney's fees pursuant to Tenn. Code Ann. § 4-5-325, and erred in failing to grant appellant's application for attorney's fees.

Upon review of a grant of summary judgment, this Court must determine whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). As this inquiry involves purely a question of law, our review is de novo without a presumption of correctness. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996). Summary judgments are appropriate only where there is no genuine issue of material fact relevant to the claim or defense contained in the motion and the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See* Tenn. R. Civ. P. 56.03; *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Courts reviewing summary judgments must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993).

Appellant argues that the trial court should have awarded attorney's fees based on Tenn. Code Ann. § 4-5-325.  This statute reads as follows:

(a) When a state agency issues a citation to a person, local governmental entity, board or commission for the violation of a rule, regulation or statute and such citation results in a contested case hearing, at the conclusion of such hearing, the hearing officer or administrative law judge may order such agency to pay to the party issued a citation the amount of reasonable expenses incurred because of such citation, including a reasonable attorney's fee, if such officer or judge finds that the citation was issued:

(1) Even though to the best of such agency's knowledge, information and belief formed after reasonable inquiry the violation was not well grounded in fact and was not warranted by existing law, rule or regulation;[1] or

(2) for an improper purpose such as to harass, to cause unnecessary delay or cause needless expense to the party cited.

(b) If a final decision in a contested case hearing results in the party issued a citation seeking judicial review pursuant to § 4-5-322, the judge, at the conclusion of the hearing, may make the same findings and enter the same order as permitted the hearing officer or administrative law judge pursuant to subsection (a).

Tenn. Code Ann. § 4-5-325.

When addressing the subject of attorney's fees in its Memorandum and Order, the trial court stated the following:

Taking Tennessee Code Annotated section 4-5-325, first, the Court notes that the text of the statute sets up certain conditions be met before attorney's fees are recoverable.  Those conditions are as follows:

1. A state agency issues a citation to a business;
2. The citation results in a contested case hearing;
3. The contested case hearing is concluded;
4. At the conclusion of the contested case hearing the officer or judge finds that the issuance of the citation was not well grounded in fact and was not warranted by existing law, rule or regulation or was

---

[1] We assume the legislature intended to use the word "citation" in this subsection instead of the word "violation."  While the grammatical construction of the statute still leaves much to be desired, only by making the substitution does the subsection make sense.

issued for an improper purposes [sic] such as to harass, to cause unnecessary delay or to cause needless expense to the parties cited.

. . . .

From the foregoing examination of the text of the statutes, the Court concludes that the balance the legislature has struck between providing agencies the necessary leeway to perform their regulatory duty to protect the community but checking any abuse by the agency of its power is to only allow recovery of attorney's fees where (1) there is abuse in the nature of intentional conduct, such as harassment or bad faith by an agency, but only where the bad faith of the agency has resulted in the business having been put through the rigors and expense of an entire contested case proceeding (section 4-5-325(a) and (b)) . . . .[2]

As to recovery under Tennessee Code Annotated section 4-5-325, the plaintiff was not put through the rigors and expense by the agency of a contested case proceeding. The plaintiff has, therefore, failed to state a claim to recover attorney's fees under section 4-5-325.

We think the trial court read Tenn. Code Ann. § 4-5-325(a) too narrowly in finding that "abuse in the nature of intentional conduct, such as harassment or bad faith by an agency" is required for a party to recover attorney's fees. The statute states alternative grounds for awarding attorneys' fees where the citation issued (1) for a reason not well grounded in fact and not warranted in existing law, rule or regulation; or (2) for an improper purpose such as to harass, to cause unnecessary delay or cause needless expense. Therefore a proceeding brought with the utmost good faith may result in an award of attorneys' fees to the cited party if the citation was not well grounded in fact and not warranted by existing law.

The Department also argues that the fee statute was not involved because the citation did not result in a contested case hearing. This argument is based on Tenn. Code Ann. § 4-5-320(d)(1)(B) which allows an agency to suspend a license summarily and then hold an informal hearing within seven days of the suspension. Subsection (d)(2) provides that the informal hearing "shall not be required to be held under the contested case provisions of the this chapter." The hearing is to provide an informal, reasonable opportunity for the licensee to present its version of the situation.

A contested case is defined as a proceeding in which the legal rights, duties or privileges of a party are required by any statute or constitutional provision to be determined by an agency after an opportunity for a hearing. Tenn. Code Ann. § 4-5-102(3). It could be argued that the appellant's rights will not be determined after the informal hearing, therefore the proceedings do not amount to a contested case. We are of the opinion that Tenn. Code Ann. § 4-5-320(d) only dispenses with the procedural niceties that ordinarily attend contested cases. It does not change the definition of a

---

[2]The trial court's second conclusion which is not quoted here was in regard to Tenn. Code Ann. § 29-37-104. Tenn. Code Ann. § 29-37-104 is not at issue in this appeal.

contested case contained in Tenn. Code Ann. § 4-5-102(3). In our view this proceeding fits that definition.

The trial court did not hold that the Department's informal hearing was not a contested case; rather, the court held that to qualify for attorneys' fees under Tenn. Code Ann. § 47-5-325(a) a party had to endure "the rigors and expense of an entire contested case proceeding." We also think that interpretation of the statute is too narrow. Here the agency summarily suspended a license under a policy that the court held violated state law and then held a hearing that failed to comply with the statutory mandate. To prevent the irreparable harm that would result from an extended shutdown of its business, the appellee had to seek judicial intervention. The court ordered the agency to conduct another hearing. Although the issues were resolved without a formal and protracted contested case proceeding, that fact does not remove the proceeding from the statutory definition.

The Department also argues that Tenn. Code Ann. § 4-5-325 requires that a citation be issued and in this case the Department did not issue a citation. We think that argument exalts form over substance. The Department skipped the citation and issued a summary suspension under an internal zero tolerance policy that the court found to be invalid. Then the Department ignored the statutory requirement of a meaningful hearing and its own regulations requiring it to work with the appellee to remedy any safety violations. If the Department could avoid paying the appellee's attorneys' fees because the Department did not issue a formal citation, it would have an incentive to adopt the same procedure in the future.

The appellee's action in summarily suspending appellant's license was not well-grounded in fact, because there was not an adequate investigation in implementing the zero tolerance policy. The appellee also acted outside of existing law in applying its zero tolerance policy. The trial court ruled that appellee had violated Tennessee law as well as its own regulations. Therefore, under Tenn. Code Ann. § 4-5-325(a), appellant is entitled to attorney's fees.

We reverse the decision of the trial court, and remand for proceedings to determine the amount of attorney's fees to be paid. We tax the costs of this appeal to the appellee, the State of Tennessee.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.