# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 8, 2021 Session

## JAYME HOLLAND v. TENNESSEE DEPARTMENT OF SAFETY AND HOMELAND SECURITY

**Appeal from the Chancery Court for Davidson County**
**No. 18-1387-I      Patricia Head Moskal, Chancellor**

———————————————————

### No. M2020-01044-COA-R3-CV

———————————————————

The police seized a vehicle and commenced a forfeiture proceeding. The Tennessee Department of Safety and Homeland Security notified the vehicle owner that a forfeiture warrant for the vehicle had been issued. And the owner filed a written claim and request for a hearing. But before the hearing could take place, the administrative law judge granted the Department's request for a voluntary dismissal of the forfeiture proceeding. In a subsequent order, the administrative law judge awarded attorney's fees to the owner under Tennessee Code Annotated § 4-5-325(a). The Department petitioned for judicial review of the fee award. The owner filed a motion to dismiss, arguing that the administrative decision was not final because the order did not address her request for attorney's fees under a federal statute. After denying the motion to dismiss, the trial court ruled that the fee award violated the state statute. So it vacated the administrative decision. On appeal, the owner argues that the trial court erred in denying her motion to dismiss and in ruling that the fee award violated the state statute. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Herbert S. Moncier, Knoxville, Tennessee, for the appellant, Jayme Holland.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Mallory Kathryn Schiller, Assistant Attorney General, for the appellee, Tennessee Department of Safety and Homeland Security.

## OPINION

### I.

#### A.

In December 2017, Jayme Holland, a North Carolina resident, drove onto the parking lot of the Hardeman County Correctional Facility lot. Her vehicle was searched. The search revealed a "white box containing a green leafy substance,"[1] drug paraphernalia, and a handgun. Ms. Holland was unable to produce a handgun permit.

Ms. Holland was arrested for possession of a controlled substance with intent to "manufacture, deliver or sell," possession of drug paraphernalia, and unlawful possession of a handgun. *See* Tenn. Code Ann. §§ 39-17-417, -425, -1307 (2018). A Whiteville police officer seized both the contraband and the vehicle. *See id.* § 53-11-451 (Supp. 2021).

Ms. Holland posted bond and returned to her home in North Carolina. So the seizing officer mailed a notice of seizure and related paperwork to her home address. *See id.* § 40-33-203(c) (2018). The officer also applied for a forfeiture warrant for the vehicle. *See id.* § 40-33-204(b)(2) (2018). Based on the officer's sworn affidavit, a general sessions judge found probable cause to believe that Ms. Holland had an ownership interest in the vehicle and that her interest was subject to forfeiture under Tennessee law. *See id.* §§ 40-33-204(c)(1), 53-11-451(a)(4).

The officer sent the forfeiture warrant and the supporting documents to the Tennessee Department of Safety and Homeland Security. *See id.* § 40-33-204(g). The Department then notified Ms. Holland that a forfeiture warrant had been issued against her property. *See id.* The notice apprised her of her right to file a written claim and request a hearing. The next day, Ms. Holland requested a hearing. *See id.* §§ 40-33-206(a), -209(d) (2018).

Before the hearing, Ms. Holland filed a motion for summary judgment with supporting affidavits. She identified multiple alleged procedural errors on the part of the seizing officer. Her attorney also discovered that the general sessions judge had failed to keep the officer's affidavit in the court record. *See id.* § 40-33-204(g) (requiring a judge to retain the affidavit supporting the forfeiture warrant). She maintained that these errors required dismissal of the forfeiture under Tennessee law. *See State v. Sprunger*, 458 S.W.3d 482, 499-500 (Tenn. 2015) ("hold[ing] that, in forfeiture proceedings, the governmental authority seeking forfeiture must present affirmative proof that it has

---

[1] The "green leafy substance" weighed 14.6 grams and later tested positive for THC, "a marijuana metabolite." *See Interstate Mech. Contractors, Inc. v. McIntosh*, 229 S.W.3d 674, 677 (Tenn. 2007).

complied with both the procedural and the substantive requirements in the forfeiture statutes enacted by our Legislature"). She also claimed that these errors violated her rights under the Fifth Amendment of the federal constitution. *See id.* at 493. And she requested an award of attorney's fees under Tennessee Code Annotated § 4-5-325(a) and 42 U.S.C. § 1988(b).

Two days later, the Department moved for an order of voluntary dismissal. After an investigation, it had determined that there was "no longer a legal or factual basis for forfeiture." *See* Tenn. Code Ann. § 40-33-204(g) (requiring the applicable agency to release seized property "if there is no legal and factual basis for forfeiture"). Ms. Holland's vehicle was returned on March 16, 2018.

Ms. Holland opposed dismissal in light of her pending motion for summary judgment. But she offered the administrative law judge the option of granting a dismissal while reserving the issue of attorney's fees and costs. At the same time, she filed an application for attorney's fees. And she renewed her motion for summary judgment. This time, she also contended that the Department had failed to conduct an independent investigation into the legal and factual basis for forfeiture immediately upon receipt of the forfeiture warrant and related paperwork. *See id.*

Finding that the Department had shown good cause, the ALJ granted a voluntary dismissal. The ALJ ordered the return of Ms. Holland's vehicle and the cost bond. And he set a deadline for filings related to Ms. Holland's request for attorney's fees.

Several months later, the ALJ awarded Ms. Holland $11,156.24 in attorney's fees. The order reflected that the Department had "conceded to the return of the vehicle approximately three months after seizure." And "[b]ased on the record," Ms. Holland was entitled to an award of attorney's fees under Tennessee Code Annotated § 4-5-325(a). The ALJ also found that the amount requested was reasonable. *See* Tenn. Sup. Ct. R. 8, RPC 1.5. The order did not address Ms. Holland's request for fees based on 42 U.S.C. § 1988(b).

B.

The Department petitioned for judicial review. It alleged that the grant of attorney's fees violated the state statute and the award was unsupported by the evidence. *See* Tenn. Code Ann. § 4-5-322(h)(1), (5) (Supp. 2018).

Ms. Holland responded with a motion to dismiss, arguing that the ALJ's order was not a final decision. *See id.* § 4-5-322(a)(1) (providing that only a "person who is aggrieved by a final decision in a contested case is entitled to judicial review"). The court ruled that the administrative decision was final and subject to judicial review.

After reviewing the administrative record and considering the parties' respective arguments, the court concluded that the ALJ's award of attorney's fees violated Tennessee Code Annotated § 4-5-325(a). Alternatively, the court found that the award was not supported by a preponderance of the evidence. *See id.* § 40-33-213(a) (2018). So the court reversed the administrative decision and remanded the case to the Department for further proceedings.

## II.

### A.

We review forfeiture proceedings using the judicial review standards in the Uniform Administrative Procedures Act ("UAPA") as modified in the forfeiture statute. *See id.* §§ 4-5-322(h), 40-33-213(b). Judicial review under the UAPA is generally limited to final decisions.[2] *See id.* § 4-5-322(a)(1); *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 481 (Tenn. Ct. App. 1999). A final judgment is a judgment "that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009).

Ms. Holland argues that the order granting her fee request was not final because the ALJ did not address whether she was entitled to fees under the federal statute. *See* 42 U.S.C. § 1988(b) (Supp. 2020). Here, in a previous order, the ALJ dismissed the forfeiture proceeding and ordered the return of the vehicle and cost bond. Later, the ALJ awarded Ms. Holland the full amount of her requested attorney's fees. After entry of these two orders, there was nothing left to adjudicate. *See Ball*, 288 S.W.3d at 836-37.

We recognize that Ms. Holland claimed that she was entitled to attorney's fees under two different statutes. Still, she was only entitled to one recovery. *See TSC Indus., Inc. v. Tomlin*, 743 S.W.2d 169, 172 (Tenn. Ct. App. 1987) (explaining that "where there is only one injury the law permits only one recovery"); *Ford Motor Co. v. Taylor*, 446 S.W.2d 521, 530 (Tenn. Ct. App. 1969) ("[C]are should be exercised to avoid double recoveries."). As Ms. Holland had been fully compensated by the ALJ's order under the state statute, she could not also recover under the federal statue. Under the circumstances and based on our interpretation of the federal statute, we conclude that the failure to address fees on the alternative theory of 42 U.S.C. § 1988(b) did not render the ALJ's order interlocutory.

Ms. Holland also contends that the ALJ's order was not final because it did not include findings of fact and conclusions of law for all aspects of her claim. For this

---

[2] While the UAPA authorizes courts to review some interlocutory decisions, neither party suggests that the requirements for an interlocutory administrative appeal have been met. *See* Tenn. Code Ann. § 4-5-322(a)(1).

4

proposition, she cites Tennessee Code Annotated § 4-5-314(c). Ms. Holland misapprehends the statutory requirement. The UAPA mandates that all "final [and] initial order[s] . . . include conclusions of law, the policy reasons therefor, and findings of fact for all aspects of the order, including the remedy prescribed." Tenn. Code Ann. § 4-5-314(c) (2021). This requirement is essential for effective judicial review of administrative decisions. *See Levy v. State Bd. of Exam'rs for Speech Pathology & Audiology*, 553 S.W.2d 909, 911-12 (Tenn. 1977) (discussing predecessor statute); *Swift Roofing, Inc. v. State*, No. M2010-02544-COA-R3-CV, 2011 WL 2732263, at *6 (Tenn. Ct. App. July 13, 2011). But it has no bearing on whether an administrative order is final.

## B.

Under the UAPA, a court may reverse or modify an administrative decision if the petitioner's rights have been prejudiced because the administrative decision is "[i]n violation of constitutional or statutory provisions." Tenn. Code Ann. § 4-5-322(h)(1). Statutory construction is a question of law, which we review de novo. *See Pickard v. Tenn. Water Quality Control Bd.*, 424 S.W.3d 511, 523 (Tenn. 2013); *Jones v. Bureau of TennCare*, 94 S.W.3d 495, 501 (Tenn. Ct. App. 2002). When Ms. Holland's vehicle was seized, Tennessee Code Annotated § 4-5-325(a) provided

> (a) When a state agency issues a citation to a person, local governmental entity, board or commission for the violation of a rule, regulation or statute and such citation results in a contested case hearing, at the conclusion of such hearing, the hearing officer or administrative law judge may order such agency to pay to the party issued a citation the amount of reasonable expenses incurred because of such citation, including a reasonable attorney's fee, if such officer or judge finds that the citation was issued:
>
> > (1) Even though, to the best of such agency's knowledge, information and belief formed after reasonable inquiry, the violation was not well grounded in fact and was not warranted by existing law, rule or regulation; or
> > (2) For an improper purpose such as to harass, to cause unnecessary delay or cause needless expense to the party cited.

Tenn. Code Ann. § 4-5-325 (Supp. 1996).

Ms. Holland does not meet the statutory criteria. In the forfeiture action, she was not a "party issued a citation" for "the violation of a rule, regulation or statute." *See id.* She received notice that a forfeiture warrant had been issued for the vehicle so that she could take steps to protect her ownership interest. *See id.* § 40-33-204(g); *see also Groves v. Tenn. Dep't of Safety & Homeland Sec.*, No. M2016-01448-COA-R3-CV, 2018 WL 6288170, at *4-5 (Tenn. Ct. App. Nov. 30, 2018). Civil forfeiture is "an action *in rem*."

*Stuart v. State Dep't of Safety*, 963 S.W.2d 28, 32 (Tenn. 1998). "[I]t is the property itself which is targeted, not the owner of the property." *Id.* at 33; *see In re Tenn. Walking Horse Forfeiture Litig.*, No. W2013-02804-COA-R3CV, 2015 WL 1636704, at \*3 (Tenn. Ct. App. Apr. 8, 2015) ("[T]he defendant in a civil forfeiture action is the subject property, rather than any owners or interest holders in the property.").

Ms. Holland insists that the notice she received from the Department was a citation or, at least, the functional equivalent of one. We find her argument unavailing. The notice did not command her to appear at a certain time and place to do something or to defend against a charge. *See Citation*, BLACK'S LAW DICTIONARY (11th ed. 2019). Rather, the notice gave her an opportunity to file a claim alleging an interest in the seized property and requesting a hearing. *See* Tenn. Code Ann. § 40-33-206.

Nor are we inclined to disregard the citation requirement under these circumstances. Contrary to Ms. Holland's argument on appeal, this case bears no resemblance to the factual scenario in *American Child Care, Inc. v. State*, 83 S.W.3d 148 (Tenn. Ct. App. 2001). There, the agency "skipped" the issuance of a citation in favor of a summary suspension based on an invalid policy. *Id.* at 153. In so doing, the agency "ignored the statutory requirement of a meaningful hearing and its own regulations." *Id.* So we rejected the agency's attempt to avoid paying attorney's fees in the absence of a formal citation. *Id.* Otherwise, the agency "would have an incentive to adopt the same procedure in the future." *Id.*

Here, the Department did not skip over the citation stage. No citations are issued to a vehicle owner in a forfeiture proceeding. *See* Tenn. Code Ann. § 40-33-204; *Sprunger*, 458 S.W.3d at 497-98 (describing the procedural requirements in a forfeiture). Ms. Holland was not entitled to an award of attorney's fees based on Tennessee Code Annotated § 4-5-325(a).

C.

Finally, Ms. Holland complains that the trial court's ruling denied her a remedy in violation of the "open courts" provision of the Tennessee Constitution. *See* TENN. CONST. art. I, § 17.[3] In her view, she lost a vested right to recover attorney's fees under § 1988 through "judicial default." We disagree.

---

[3] The "open courts" provision reads, in relevant part:

> That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay.

TENN. CONST. art. I, § 17.

6

The federal statute provides that "[i]n any action or proceeding to enforce [the listed federal civil rights laws], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The statute's purpose is "to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citation omitted). The party seeking fees on this basis is not required to "specifically plead or rely on" federal civil rights laws. *Bloomingdale's By Mail Ltd. v. Huddleston*, 848 S.W.2d 52, 56 (Tenn. 1992). It is the substance of the petition that matters, not its form. *See Wimley v. Rudolph*, 931 S.W.2d 513, 516 (Tenn. 1996).

But the federal statute does not authorize an ALJ in an administrative proceeding to award fees. "[O]nly a court in an action to enforce one of the civil rights laws listed in § 1988 may award attorney's fees." *N. Carolina Dep't of Transp. v. Crest St. Cmty. Council, Inc.*, 479 U.S. 6, 15 (1986). Eligibility for an award "depends not only on the results obtained, but also on what actions were needed to achieve those results." *Id.* at 14. Only "those parties who, in order to obtain relief, found it necessary to file a complaint in court" are eligible to recover fees under § 1988. *Id.*[4]

Nor was the trial court authorized to award Ms. Holland fees on this basis. The Department's petition for judicial review did not seek to enforce Ms. Holland's civil rights. The petition focused on whether the fee award violated state law. This is in stark contrast to the petition for judicial review in *Wimley v. Rudolph*, which Ms. Holland relies upon. In that case, "the basis for plaintiff's petition for judicial review was her allegation that DHS had denied her rights afforded under federal law." *Wimley*, 931 S.W.2d at 516. And the *Wimley* plaintiff prevailed on this allegation in state court, thus establishing "a deprivation of rights under color of state law, the very basis for recovery under Section 1983." *Id.*

### III.

The ALJ's order granting attorney's fees was final. But the fee award was not authorized by either statute cited by Ms. Holland. So we affirm the trial court's decision.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE

---

[4] A court may award fees under § 1988 to a defendant in a civil rights action "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011) (citation omitted).