IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 25, 2022 Session

**TENNESSEE DEPARTMENT OF SAFETY AND HOMELAND SECURITY
v. DAVID SHELL**

**Appeal from the Chancery Court for Davidson County
No. 17-1014-I        Patricia Head Moskal, Chancellor**

———————————————————

**No. M2021-00108-COA-R3-CV**

———————————————————

Following the return of his seized property under the forfeiture statutes, claimant asked the administrative law judge to award him attorney's fees under two separate statutes, Tennessee Code Annotated section 4-5-325(a) and 42 U.S.C. § 1988(b). The administrative law judge awarded fees under only the former statute. Upon review by the chancery court, the decision to award fees under section 4-5-325(a) was reversed; the chancery court also ruled that claimant's request for fees under the federal statute was waived or abandoned. We affirm the trial court's conclusion that claimant is not entitled to fees under section 4-5-325(a). We remand to the trial court for consideration of the previously pretermitted claim for attorney's fees under section 1988(b).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed
in Part, Reversed in Part, and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Herbert S. Moncier, Knoxville, Tennessee, for the appellant, David Shell.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Rob Mitchell, Senior Assistant Attorney General, for the appellee, Tennessee Department of Safety and Homeland Security.

**OPINION**

**I. FACTUAL AND PROCEDURAL HISTORY**

This appeal relates solely to the question of attorney's fees incurred in obtaining the return of seized property. In September 2014, the Marion County Sheriff's Department ("the Sheriff's Department") began investigating Respondent/Appellant David Shell for drug trafficking. Eventually, the Sheriff's Department obtained two forfeiture warrants to seize: (1) a vehicle and $1,684.00 in cash; and (2) the contents of a savings account totaling $9,253.57. Upon receiving notice of the seizure, Petitioner/Appellee the Tennessee Department of Safety and Homeland Security ("the Department") sent a letter notifying Mr. Shell of the seizure and issuance of the forfeiture warrant. The letter further informed Mr. Shell that if he sought return of the seized property, he was required to file a timely claim with the Department.

Mr. Shell timely requested a hearing on the return of his property. A consolidated contested case hearing was held before an administrative law judge ("ALJ") as to both of the above warrants on August 23, 2016. At the hearing, the Department voluntarily dismissed the claims as to the vehicle and cash, and agreed to return that property to Mr. Shell. The ALJ also determined that Mr. Shell had standing to contest the forfeiture of the savings account funds. The parties agreed to continue the remaining matters. On August 25, 2016, Mr. Shell filed a motion to dismiss or to suppress the seizure of the funds from the savings account, citing various statutory violations.

A second hearing was held in October 2016. Thereafter, on December 16, 2016, the ALJ issued an initial order suppressing "all evidence of the seized bank account" due to the seizing officer's failure to comply with Tennessee Code Annotated section 40-17-123. As a result, the ALJ ruled that the granting of the motion to suppress "mandates that the seized bank account be returned to [Mr. Shell]." And the ALJ concluded that even if the motion to suppress was denied, the Department failed to carry its burden to show that the money was connected to illegal drug trafficking.

Thereafter, Mr. Shell promptly filed a petition for reconsideration[1] in which he requested attorney's fees under Tennessee Code Annotated section 4-5-325(a)(1) and "*Bloomingdales by Mail v. Huddleston*, 848 S.W.2d 52 (Tenn. 1992) and *Wimley v. Rudolph*, 931 S.W.2d 513 (Tenn. 1996)." The ALJ initially denied the petition by order of March 10, 2017. On March 13, 2017, Mr. Shell filed a petition to reconsider based on a recently decided chancery court opinion, **Berlanga v. Tennessee Department of Safety**, which allowed fees under similar circumstances.[2] The ALJ eventually granted the petition and awarded Mr. Shell $17,500.00 in attorney's fees and $320.46 in costs under Tennessee

---

[1] *See generally* Tenn. Code Ann. § 4-5-315(b) (outlining the procedure for appealing or seeking reconsideration of an initial agency ruling).

[2] The trial court's decision in **Berlanga** was eventually reversed by this Court on the basis that the trial court lacked subject matter jurisdiction over the claimant's petition for judicial review. *See **Berlanga v. Dep't of Safety & Homeland Sec.***, No. M2017-00745-COA-R3-CV, 2019 WL 360337, at *1 (Tenn. Ct. App. Jan. 29, 2019). As such, the **Berlanga** panel did not address the question of whether section 4-5-325(a) authorized attorney's fees in a forfeiture proceeding.

Code Annotated section 4-5-325(a)(1). The July 26, 2017 final order was silent as to attorney's fees under 42 U.S.C. § 1988(b). Both parties filed petitions to reconsider,[3] but they were not granted.[4]

The Department filed a timely petition for judicial review in Davidson County Chancery Court ("the trial court" or "the chancery court"), only as to the question of attorney's fees and costs. Mr. Shell answered and filed his own cross-appeal regarding the amount of attorney's fees. Therein, he again argued that he should be awarded attorney's fees under 42 U.S.C § 1988(b) for constitutional violations. In due course, Mr. Shell filed a motion for the action to be remanded to the ALJ to rule on the 42 U.S.C. § 1988(b) attorney's fee claim. The trial court denied that motion. Eventually, the chancery court reversed the award of attorney's fees, concluding that the ruling violated section 4-5-325(a), as the Department did not issue a "citation" to Mr. Shell as required under the statute. The trial court also held that Mr. Shell waived or abandoned his claim for attorney's fees under 42 U.S.C. § 1988(b). Mr. Shell thereafter appealed to this Court.[5]

## II. ISSUES PRESENTED

As we perceive it, Mr. Shell raises the following issues for review:

1. Whether the trial court lacked jurisdiction over the Department's petition for judicial review.
2. Whether the Mr. Shell is entitled to attorney's fees under 42 U.S.C. § 1988(b) for work done in the administrative proceeding and in the chancery court.
3. Whether the trial court erred in finding that Mr. Shell was not entitled to attorney's fees under Tennessee Code Annotated section 4-5-325(a).
4. Whether Mr. Shell should be awarded attorney's fees incurred on appeal under either 42 U.S.C. § 1988(b) or Tennessee Code Annotated section 4-5-325(a).

## III. STANDARD OF REVIEW

---

[3] Mr. Shell's petition to reconsider only asked that the award be increased to include more recent work on the litigation. Mr. Shell's petition to reconsider was also not timely.

[4] Tennessee Code Annotated section 4-5-317(a) provides that any party may file a petition to reconsider a final order within fifteen (15) days. The ALJ then has twenty (20) days to rule on the petition. "If no action has been taken on the petition within twenty (20) days, the petition shall be deemed to have been denied." Tenn. Code Ann. § 4-5-317(c). Although the Department filed a timely petition for reconsideration, the ALJ did not rule on it; it is therefore deemed to have been denied. Regardless, the Department filed its petition for judicial review and Mr. Shell filed his cross-petition less than sixty (60) days following the issuance of the ALJ's final order. See Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv) ("Petitions seeking judicial review shall be filed within sixty (60) days after the entry of the agency's final order thereon.").

[5] During the pendency of this appeal, Mr. Shell asked that this case be consolidated with another appeal involving a similar subject matter. That request was denied by order of January 31, 2022.

The parties agree that this case is governed by the Tennessee Uniform Administrative Procedures Act ("UAPA"). *See Nicholas v. Tennessee Dep't of Safety & Homeland Sec.*, No. M2017-01674-COA-R3-CV, 2018 WL 3831518, at *2 (Tenn. Ct. App. Aug. 13, 2018) (citing *McEwen v. Tenn. Dep't of Safety*, 173 S.W.3d 815, 819 (Tenn. Ct. App. 2005)) ("Our review of civil forfeiture proceedings is primarily governed by the Uniform Administrative Procedures Act, specifically Tenn. Code Ann. § 4-5-322."). Section 4-5-322(h) provides a narrow standard of review that allows this Court to reverse or modify the decision of the agency only in specified circumstances, including that the decision was "[i]n violation of constitutional or statutory provisions" or characterized by an abuse of discretion. Tenn. Code Ann. § 4-5-322(h). Although section 4-5-322(h) applies a substantial and material evidence standard to factual findings, we review factual findings in forfeiture cases under the preponderance of evidence standard. *McEwen*, 173 S.W.3d at 819 (citing Tenn. Code Ann. § 40-33-213(a) ("The reviewing court shall use the preponderance of evidence standard in determining whether to sustain or reverse the final order of the applicable agency.")).

## IV. ANALYSIS

### *Subject Matter Jurisdiction*

Mr. Shell first argues that the trial court lacked subject matter jurisdiction to decide the Department's petition for judicial review because no final order had been entered by the ALJ. Specifically, Mr. Shell contends that the ALJ failed to rule on his motion for attorney's fees pursuant to 42 U.S.C. § 1988(b).[6]

Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived by the parties.[7] *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632,

---

[6] Section 1988(b) provides as follows:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

[7] Both the Department and the trial court reference Mr. Shell's responsive request for judicial review as evidence that he invoked the chancery court's jurisdiction. While this may be a proper consideration in terms of personal jurisdiction, a party cannot by consent grant a court subject matter jurisdiction where it has none. *Compare Landers v. Jones,* 872 S.W.2d 674, 675 (Tenn.1994) (holding that personal jurisdiction relates to the court's authority to adjudicate the claim as to that person and can be waived by the express or implied consent of the parties); *Cothron v. Scott,* 446 S.W.2d 533, 535 (Tenn. Ct. App. 1969) (holding that a party who invokes the jurisdiction of the court and loses is estopped to reverse

639 (Tenn. 1996). *But see Bayberry*, 783 S.W.2d at 559 (allowing the court to suspend Rule 3's finality requirement). "The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." ***Dishmon v. Shelby State Cmty. Coll.***, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citing Tenn. R. Civ. P. 12.08). The Department's ability to appeal to the chancery court in this case is governed by Tennessee Code Annotated section 4-5-322(a):

> A person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review. A preliminary, procedural or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

Thus, a final order is generally required to obtain judicial review, unless review at the conclusion of the proceeding would not provide an adequate remedy.

Here, Mr. Shell contends that because the ALJ did not rule on his request for attorney's fees pursuant to 42 U.S.C. § 1988(b), no final judgment has yet been entered by the ALJ. In contrast, the Department contends, *inter alia*, that the ALJ was not required to rule on this request because Mr. Shell waived or abandoned this claim. Respectfully, we disagree with the Department's position as to waiver.

Generally, the party invoking the doctrine of waiver "has the burden of demonstrating that the issue sought to be precluded was, in fact, not raised in the trial court." ***Fayne v. Vincent***, 301 S.W.3d 162, 171 (Tenn. 2009) (citing ***Waste Conversion Sys., Inc. v. Greenstone Indus., Inc.***, 33 S.W.3d 779, 783 (Tenn. 2000); ***Smith v. Smith***, 989 S.W.2d 346, 348 (Tenn. Ct. App. 1998)). Thus, the Department has the burden of demonstrating that Mr. Shell did not raise this argument before the ALJ or otherwise abandoned this argument. But Mr. Shell did raise this argument before the ALJ.

First, immediately following the ALJ's initial ruling, on December 12, 2016, Mr. Shell filed a petition for reconsideration on the issue of attorney's fees.[8] Therein, he asked for attorney's fees under Tennessee Code Annotated section 4-5-325(a), as well as "for constitutional violations pursuant to *Bloomingdales by Mail v. Huddleston*, 848 S.W.2d 52 (Tenn. 1992) and *Wimley v. Rudolph*, 931 S.W.2d 513 (Tenn. 1996)." While Mr. Shell did not cite section 1988 by name, the Department's response did. Specifically, approximately one week later, the Department filed a response in opposition to Mr. Shell's attorney fee

---

his position), *with* ***State ex rel. Com'r of Dep't of Transp. v. Thomas***, 336 S.W.3d 588, 605 (Tenn. Ct. App. 2010) (quoting ***Dishmon v. Shelby State Cmty. College***, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999)) ("[S]ubject matter jurisdiction . . . either exists or it does not. 'Parties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver.'").

[8] The Department does not argue on appeal that this request should have been raised in advance of Mr. Shell's petition to reconsider. As such, we will not address that issue.

request that specifically addressed the request for fees under *Bloomingdales by Mail* and *Wimley*. And the Department explicitly stated that both cases "deal with 42 U.S.C.A. § 1988(b)." In other contexts, we have held that waiver does not occur if the opposing party is given fair notice of an argument and an opportunity to rebut it. *See **Tip's Package Store, Inc. v. Com. Ins. Managers, Inc.***, 86 S.W.3d 543, 553 (Tenn. Ct. App. 2001) (involving a statute of limitations defense) (citing ***George v. Building Materials Corporation of America***, 44 S.W.3d 481, 486–87 (Tenn. 2001)). In this case, the Department clearly understood that Mr. Shell was seeking attorney's fees pursuant to section 1988(b), prompting the Department to argue against the award of attorney's fees under that section in its December 2016 response. And on January 5, 2017, Mr. Shell filed a document in which he reiterated his claim for fees, this time specifically referencing section 1988(b) repeatedly. As such, it appears that the Department was provided fair notice of the argument and an opportunity to rebut it.

We further conclude that this argument was not abandoned. As an initial matter, neither the trial court nor the Department cite any law as to what Mr. Shell would have been required to do to abandon this claim. Instead, they both cite the fact that Mr. Shell made four additional filings before the ALJ that did not discuss a request for attorney's fees under section 1988(b). Additionally, they note that Mr. Shell did not raise this issue as a ground for reconsideration, either following the initial denial of fees or the final award of fees solely under section 4-5-325(a).

Certainly, we agree that Mr. Shell did not pursue fees under section 1988(b) with the same vigor that he pursued fees under the UAPA. But nothing in record indicates that Mr. Shell voluntarily gave up his right to claim attorney's fees under the federal statute "with the intent of never claiming it again." *Garner's Dictionary of Legal Usage* 1 (3d ed. 2011). Indeed, the UAPA specifically provides that a petition for reconsideration "shall not be a prerequisite for seeking administrative or judicial review." Tenn. Code Ann. § 4-5-317(a). Thus, Mr. Shell's failure to include this issue in his two petitions for reconsideration are simply not evidence of abandonment. Moreover, Mr. Shell's March 2017 petition to reconsider the initial denial of fees was on the basis of a purported change in the law due to the chancery court decision in ***Berlanga***. Nothing in the record indicates that a change in the law had occurred relative to section 1988(b). This Court has previously recognized that we should not wield our waiver rules in a way that encourage "meritless arguments that face no reasonable chance of success." ***Adams v. Illinois Cent. R.R. Co.***, No. W2020-01290-COA-R3-CV, 2022 WL 170134, at *13 (Tenn. Ct. App. Jan. 19, 2022), *no perm. app. filed*.

In sum, this Court's policy is to allow issues to be decided on their merits unless waiver has been demonstrated. *Cf. **Fayne***, 301 S.W.3d at 171 (holding that "this Court's jurisprudential rules should be interpreted and applied in a way that enables appeals to be considered on their merits"). Certainly, Mr. Shell's effort to obtain attorney's fees under section 1988(b) was less than exemplary. But he did raise this issue before the ALJ in

sufficient enough fashion to apprise the Department of the basis of his argument and allow it a meaningful opportunity to respond. In addition, he properly raised this argument in his cross-petition for judicial review. Thus, under the totality of the circumstances, we cannot conclude that the Department met its burden to demonstrate that this request was either waived or abandoned in the administrative proceeding.

The viability of this request, however, does not convince us that the chancery court lacked subject matter jurisdiction. Instead, here it appears that all parties treated Mr. Shell's request for attorney's fees under section 1988(b) as alternative to his request for attorney's fees under section 4-5-325. Courts of this state have previously considered appeals that were purportedly from final judgments even though the trial courts did not rule on an alternative theory argued by a party. *See* ***State v. Hannah***, 259 S.W.3d 716, 720 (Tenn. 2008) (reversing trial court's decision to grant a motion to suppress and pretermit a suppression hearing and remanding for a new suppression hearing); ***Capps v. Adams Wholesale Co.***, No. E2014-01882-COA-R3-CV, 2015 WL 2445970, at *3 (Tenn. Ct. App. May 21, 2015) (considering an appeal based upon the entry of a final judgment even though the plaintiff made certain alternative arguments that were "not specifically addressed by the trial court"). Indeed, this Court often pretermits consideration of alternative arguments when they are not necessary to provide the parties full relief. *See, e.g.,* ***Larry E. Parrish, P.C. v. Strong***, No. M2020-01145-COA-R3-CV, 2021 WL 4471113, at *5 n.6 (Tenn. Ct. App. Sept. 30, 2021), *perm. app. denied* (Tenn. Feb. 10, 2022) (pretermitting an alternative argument concerning contractual appellate attorney's fees); ***In re N.J.S.***, No. M2008-01694-COA-R3-PT, 2009 WL 2215004, at *3 (Tenn. Ct. App. July 24, 2009) ("Our affirmance of the trial court's holding in this regard pretermits our consideration of Mother's alternative challenge to the trial court's finding that she abandoned the children."). The Department admitted at oral argument that this issue was pretermitted by the ALJ's decision to award fees under the UAPA. Even Mr. Shell admits in his brief that "[i]t was not necessary for the [ALJ] to rule on the pleaded claims under 42 U.S.C. § 1988(b)" when the trial court granted fees under an alternative theory. And this Court recently held that an ALJ's failure to rule on an alternative request for attorney's fees did not render an administrative decision non-final. *See* ***Holland v. Tennessee Dep't of Safety & Homeland Sec.***, No. M2020-01044-COA-R3-CV, 2022 WL 852906, at *3 (Tenn. Ct. App. Mar. 23, 2022) ("[W]e conclude that the failure to address fees on the alternative theory of 42 U.S.C. § 1988(b) did not render the ALJ's order interlocutory."). Thus, we conclude that the ALJ's failure to specifically address Mr. Shell's alternative request for an award of attorney's fees under section 1988(b) did not render its judgment non-final for purposes of judicial review under Tennessee Code Annotated section 4-5-322(a). The chancery court therefore had subject matter jurisdiction to adjudicate the Department's judicial review petition. And because there is no question that the chancery court entered a final judgment from which an appeal lies, we have subject matter jurisdiction to adjudicate this appeal.

Mr. Shell next argues that the ALJ's order with respect to his section 1988(b) claim

failed to comply with Tennessee Code Annotated section 4-5-314(c), which requires that a final order entered by the ALJ "shall include conclusions of law, the policy reasons therefor, and findings of fact for all aspects of the order, including the remedy prescribed[.]" Mr. Shell also contends that the ALJ's failure to properly adjudicate this claim was a violation of his due process rights. But as previously discussed, Mr. Shell admits that his claim for attorney's fees under section 1988(b) was alternative to his claim for fees under section 4-5-325(a). Because the ALJ granted Mr. Shell's request under the latter theory, the lack of findings under Mr. Shell's alternative theory alone does not constitute reversible error. Instead, his claim for fees under section 1988(b) was pretermitted, as discussed in detail above.[9] *See also* ***Holland***, 2022 WL 852906, at *3 (rejecting a similar argument and noting that a failure to comply with section 4-5-314(c) does not render an administrative decision non-final).

Finally, Mr. Shell argues that this Court should award attorney's fees incurred both at the administrative level and in the trial court under section 1988(b), relying on the ALJ's findings that "establish constitutional violations." The Department responds that the ALJ's findings do not establish such violations. But as we have pointed out ad nauseum, this theory of recovery was not actually addressed by the ALJ; neither did the trial court address the merits of this request. As the Department argued before the ALJ, its decision to award fees under section 1988(b) is discretionary. *See* 42 U.S.C. § 1988(b) (providing that when its requirements are met, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs"). We have repeatedly held that discretionary decisions are to be addressed in the first instance by the trial court. ***St. John-Parker v. Parker***, No. E2018-01536-COA-R3-CV, 2020 WL 1491371, at *19 (Tenn. Ct. App. Mar. 27, 2020) ("Given the trial court's discretion, these arguments should be considered by the trial court in the first instance."); *cf.* ***In re Connor S.L.***, No. W2012-00587-COA-R3-JV, 2012 WL 5462839, at *4 (Tenn. Ct. App. Nov. 8, 2012) (stating that this Court needs appropriate findings by the trial court to evaluate discretionary decisions, otherwise the appellate court is "unable to afford appropriate deference to the trial court's decision"). And Tennessee courts often remand to lower tribunals issues that had been pretermitted but were revived by the decision of the appellate court. *See, e.g.,* ***Payne v. CSX Transportation, Inc.***, 467 S.W.3d 413, 438 (Tenn. 2015) ("It is not unusual for this Court to instruct a trial court or an intermediate appellate court to address unresolved or pretermitted issues on remand, provided that the issues have not been waived."); ***Parrish v. Marquis***, 137 S.W.3d 621, 622 (Tenn. 2004) ("Accordingly, we reverse the Court of Appeals' judgment and remand this case to the Court of Appeals for consideration of issues pretermitted by its ruling."). Indeed, even the Department admitted at oral argument that this was the general procedure in this situation.

---

[9] Moreover, any assertion that Mr. Shell was not given a meaningful opportunity to be heard on his section 1988(b) fee claim does not support reversal. Even assuming that this is true, his issue is itself pretermitted by our decision to remand this issue for reconsideration before the trial court.

We note, however, that the recent case of **Holland** did not remand to either the ALJ or the trial court to consider the claimant's request for attorney's fees under section 1988(b). In that case, we held that regardless of the fact that the inferior tribunals had not ruled on the claimant's fee request under section 1988(b), fees under the federal statute were not proper when considering either the administrative proceedings or judicial proceedings. **Holland**, 2022 WL 852906, at *4–5. First, we explained that "the federal statute does not authorize an ALJ in an administrative proceeding to award fees." **Id.** at *4 (citing **N. Carolina Dep't of Transp. v. Crest St. Cmty. Council, Inc.**, 479 U.S. 6, 15 (1986) ("[O]nly a court in an action to enforce one of the civil rights laws listed in § 1988 may award attorney's fees."). We also concluded that the trial court was not authorized to award fees based on the petition for judicial review that was filed in court. **Id.** at *5. Specifically, we noted that the only petition filed in **Holland** was the Department's petition seeking to reverse the award of fees under Tennessee Code Annotated section 4-5-325(a). **Id.** We therefore held that the petition did not "not seek to enforce [the claimant's] civil rights. The petition focused on whether the fee award violated state law." **Id.**

We likewise conclude that the ALJ in this case could not award fees under United States Supreme Court precedent. *See* **N. Carolina Dep't of Transp.**, 479 U.S. at 15. And "[t]he law does not require useless acts." *State v. Graham*, 161 Tenn. 557, 30 S.W.2d 274, 278 (1930). So even though the ALJ pretermitted the issues of attorney's fees under section 1988(b), it is unnecessary to remand to the ALJ for their consideration.

The same is not necessarily true as to the trial court. Importantly, the Department's petition was not the only one filed in this case. Instead, Mr. Shell filed a cross-petition for judicial review in which he argued that he had been denied rights afforded under federal law. Specifically, he alleged that he suffered "Fifth Amendment Constitutional violations established pursuant to *Wells v. McCanless*, 198 S. W.2d 641 (1947), *Redd v. Tenn. Dep't of Safety*, 895 S.W.2d 332 (Tenn. 1995)[,] and *State v. Sprunger*, 458 S.W.3d 482 (Tenn. 2015)[,]" and was therefore entitled to attorney's fees under "*Bloomingdales/Wimbly*[.]" So the situation presented here is somewhat different from the situation in **Holland**. Because this issue was not addressed by the trial court (or the ALJ), we conclude that it is appropriate to remand to the trial court so that Mr. Shell's claim under section 1988(b) can finally be adjudicated. In its discretion, the trial court may order the parties to conduct additional briefing on Mr. Shell's entitlement to attorney's fees under the federal statute.

### Section 4-5-325(a) Attorney's Fees

Mr. Shell next contends that the trial court erred in holding that attorney's fees were not available in this case under Tennessee Code Annotated section 4-5-325(a). At the time of the events at issue in this case, section 4-5-325(a) provided as follows:

> (a) When a state agency issues a citation to a person, local governmental
> entity, board or commission for the violation of a rule, regulation or statute

and such citation results in a contested case hearing, at the conclusion of such hearing, the hearing officer or administrative law judge may order such agency to pay to the party issued a citation the amount of reasonable expenses incurred because of such citation, including a reasonable attorney's fee, if such officer or judge finds that the citation was issued:

(1) Even though, to the best of such agency's knowledge, information and belief formed after reasonable inquiry, the violation was not well grounded in fact and was not warranted by existing law, rule or regulation; or

(2) For an improper purpose such as to harass, to cause unnecessary delay or cause needless expense to the party cited.

(b) If a final decision in a contested case hearing results in the party issued a citation seeking judicial review pursuant to § 4-5-322, the judge, at the conclusion of the hearing, may make the same findings and enter the same order as permitted the hearing officer or administrative law judge pursuant to subsection (a).[10]

Here, the trial court, relying on *Groves v. Tennessee Dep't of Safety & Homeland Sec.*, No. M2016-01448-COA-R3-CV, 2018 WL 6288170, at *2 (Tenn. Ct. App. Nov. 30, 2018), *perm. app. denied* (Tenn. May 16, 2019), ruled that the statute was inapplicable because Mr. Shell was never issued a "citation." Mr. Shell disagrees, characterizing the statement in *Groves* concerning the necessity of a citation as "obiter dictum." And Mr. Shell contends that he was issued either a citation or the functional equivalent of a citation by the Department.

An essentially identical argument was recently considered, and rejected by this Court. In *Holland v. Tennessee Dep't of Safety & Homeland Sec.*, No. M2020-01044-COA-R3-CV, 2022 WL 852906 (Tenn. Ct. App. Mar. 23, 2022), the property owner likewise requested attorney's fees under section 4-5-325(a) following the return of her seized property. *Id.* at *2. The ALJ awarded the property owner over $10,000.00 in attorney's fees under that statute. Upon judicial review, the chancery court reversed. *Id.*

We affirmed the decision of the chancery court that section 4-5-325(a) was inapplicable. As we explained,

[The property owner] does not meet the statutory criteria. In the

---

[10] Section 4-5-325 was amended in 2021; among the changes, the word "citation," as used in the relevant version of the statute, was changed to "notice." No party asserts that this amendment is relevant to this appeal. Moreover, the Department points out that in 2018, Tennessee Code Annotated section 40-33-217 was enacted to provide a maximum of $10,000.00 in attorney's fees when seized property is returned. The statute further provides that "[n]otwithstanding § 4-5-325 or any other law to the contrary, this section shall be the exclusive means for seeking attorney's fees for proceedings conducted under this part." Tenn. Code Ann. § 40-33-217(f). As the seizure in this case occurred well before 2018, the Department does not argue that this statute is applicable to Mr. Shell's claim for attorney's fees.

forfeiture action, she was not a "party issued a citation" for "the violation of a rule, regulation or statute." *See id.* She received notice that a forfeiture warrant had been issued for the vehicle so that she could take steps to protect her ownership interest. *See id.* § 40-33-204(g); *see also **Groves v. Tenn. Dep't of Safety & Homeland Sec.***, No. M2016-01448-COA-R3-CV, 2018 WL 6288170, at *4-5 (Tenn. Ct. App. Nov. 30, 2018). Civil forfeiture is "an action *in rem.*" ***Stuart v. State Dep't of Safety***, 963 S.W.2d 28, 32 (Tenn. 1998). "[I]t is the property itself which is targeted, not the owner of the property." *Id.* at 33; *see **In re Tenn. Walking Horse Forfeiture Litig.***, No. W2013-02804-COA-R3-CV, 2015 WL 1636704, at *3 (Tenn. Ct. App. Apr. 8, 2015) ("[T]he defendant in a civil forfeiture action is the subject property, rather than any owners or interest holders in the property.").

[The property owner] insists that the notice she received from the Department was a citation or, at least, the functional equivalent of one. We find her argument unavailing. The notice did not command her to appear at a certain time and place to do something or to defend against a charge. *See Citation*, BLACK'S LAW DICTIONARY (11th ed. 2019). Rather, the notice gave her an opportunity to file a claim alleging an interest in the seized property and requesting a hearing. *See* Tenn. Code Ann. § 40-33-206.

Nor are we inclined to disregard the citation requirement under these circumstances. Contrary to [the property owner's] argument on appeal, this case bears no resemblance to the factual scenario in ***American Child Care, Inc. v. State***, 83 S.W.3d 148 (Tenn. Ct. App. 2001). There, the agency "skipped" the issuance of a citation in favor of a summary suspension based on an invalid policy. *Id.* at 153. In so doing, the agency "ignored the statutory requirement of a meaningful hearing and its own regulations." *Id.* So we rejected the agency's attempt to avoid paying attorney's fees in the absence of a formal citation. *Id.* Otherwise, the agency "would have an incentive to adopt the same procedure in the future." *Id.*

Here, the Department did not skip over the citation stage. No citations are issued to a vehicle owner in a forfeiture proceeding. *See* Tenn. Code Ann. § 40-33-204; ***Sprunger***, 458 S.W.3d at 497–98 (describing the procedural requirements in a forfeiture). [The property owner] was not entitled to an award of attorney's fees based on Tennessee Code Annotated § 4-5-325(a).

***Holland***, 2022 WL 852906, at *3–4.

The ***Holland*** opinion is not controlling, but merely persuasive. *See* Tenn. R. Sup. Ct. 4(G)(1). But it is highly persuasive, as the situation presented here is the same and the argument addressed by the ***Holland*** panel is identical to the argument made by Mr. Shell in this case. As such, we adopt the sound reasoning of the ***Holland*** panel. Because Mr. Shell was not issued a citation by the Department, there is no basis for an award of attorney's fees under section 4-5-325(a).

- 11 -

### *Attorney's Fees Incurred on Appeal*

Finally, Mr. Shell seeks an award of attorney's fees incurred in this appeal. As previously discussed, Mr. Shell is not entitled to an award of attorney's fees under Tennessee Code Annotated section 4-5-325(a). That holding extends to Mr. Shell's request relative to appellate attorney's fees. Additionally, Appellant's request for attorney's fees under 42 U.S.C. § 1988(b) has been remanded to the trial court for consideration. As such, the question of whether the requirements of that statute have been met is an open question. Still, assuming *arguendo* that fees under the federal statute are proper in this action, we exercise our discretion to deny Mr. Shell an award of attorney's fees incurred in this appeal under section 1988(b).

## V. CONCLUSION

The judgment of the Davidson County Chancery Court is affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed one-half to Appellant David Shell, and one-half to Appellee the Tennessee Department of Safety and Homeland Security, for all of which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

- 12 -