IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 10, 2022 Session

## LARRY BROWN ET AL. v. TENNESSEE DEPARTMENT OF SAFETY AND HOMELAND SECURITY

**Appeal from the Chancery Court for Davidson County
No. 17-1197-III, 17-1204-III      Ellen Hobbs Lyle, Chancellor**

———————————————————

**No. M2021-00422-COA-R3-CV**

———————————————————

This case arises from the seizure of property owned by Appellants and the ensuing forfeiture action brought against them by Appellee Tennessee Department of Safety and Homeland Security. After Appellee voluntarily dismissed the forfeiture action, the Administrative Law Judge awarded Appellants a portion of their requested attorney's fees under Tennessee Code Annotated section 4-5-325(a). The Chancery Court of Davidson County reversed the award of fees on its finding that Appellee did not issue a "citation" as required for recovery of attorney's fees under section 4-5-325(a). The trial court also held that Appellants were not entitled to recover attorney's fees under 42 U.S.C. § 1988. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and CARMA DENNIS MCGEE, JJ., joined.

Herbert S. Moncier, Knoxville, Tennessee, for the appellants, Larry Brown and Chandra Brown.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Rob Mitchell and Mallory Kathryn Schiller, Assistant Attorneys General, for the appellee, Tennessee Department of Safety and Homeland Security.

**OPINION**

**I. Background**

This case arises from the seizure of property owned by Larry Brown and his

daughter Chandra Brown (together, the "Browns," or "Appellants") and the subsequent administrative forfeiture proceedings conducted under Tennessee Code Annotated sections 40-33-201 through 217. Law enforcement officers with the Eighth Judicial Drug Task Force executed a search warrant on April 7, 2015, at the home shared by the Browns after investigating Larry Brown for drug activity. During the search, officers seized property belonging to both Larry and Chandra Brown, including a 1996 Honda Goldwing motorcycle, a 2003 Chevrolet Z71 truck, a Troybilt pressure washer, $2,741.00 in U.S. currency, a 1994 Winnebago Vectra motorhome, a Stihl weed eater, an Exmark Lazer Z lawn mower, and a 1992 Ford Superduty FSD truck. Notices of seizure were issued by the Eighth Judicial Drug Task Force, i.e., the seizing agency, and, on May 6, 2015, the circuit court issued a forfeiture warrant under Tennessee Code Annotated section 40-33-204. Thereafter, Appellee Tennessee Department of Safety and Homeland Security (the "Department") sent notice to the Browns of the issuance of the forfeiture warrant.

The Browns subsequently petitioned the Department for the return of the seized property, and the case was assigned to an Administrative Law Judge ("ALJ"). Following a hearing on January 26, 2017, the ALJ found that the Department failed (with one exception, the 2003 Chevrolet Z71 truck) to show any connection between the seized property and drug sales. Therefore, the ALJ ordered that the property be returned, except for the truck. On appeal to the Department's Appeals Division, the Division reversed in part but agreed that the Department failed to carry its burden (except with regard to the truck) and ordered that some of the property be returned. The matter was remanded to the ALJ and set for another hearing. Before that hearing occurred, the seizing agency returned all of the property (including the truck) to the Browns, and the Department filed a motion for an order of voluntary dismissal of the forfeiture proceeding. The Browns opposed dismissal and requested attorney's fees and costs pursuant to Tennessee Code Annotated section 4-5-325(a) and 42 U.S.C. § 1988. The ALJ granted the Department's motion to dismiss.

Approximately three months later, on September 13, 2017, the ALJ granted the Browns' motion for attorney's fees pursuant to Tennessee Code Annotated section 4-5-325(a), awarding them $35,000.00 of the $100,752.50 they requested. As grounds for the award of fees, the ALJ found that there was no basis for the seizure of any of the property except the truck, and that the Department did not fulfill its statutory obligation to "release the property if there is no legal and factual basis for forfeiture" under Tennessee Code Annotated section 40-33-204(g). The ALJ did not address the Browns' claim for fees under 42 U.S.C. § 1988. The Department filed a "Petition for Reconsideration/to Alter or Amend Language [and] Motion for Stay." The Browns filed a Response and Cross-Petition to Alter, Amend and Revise the September 13, 2017 Order, seeking to recover all of their claimed attorney's fees in the amount of $100,752.50. The ALJ denied both motions on October 23, 2017. Thereafter, both parties filed petitions for judicial review in the Davidson County Chancery Court ("trial court"), which petitions were consolidated into one action.

On March 25, 2021, the trial court entered an order reversing the ALJ's award of attorney's fees. In relevant part, the trial court held:

> [T]he Court orders that the petition for judicial review of [Department] is granted; the September 13, 2017 Final Order of the ALJ awarding $35,000 in attorney's fees under Tennessee Code Annotated section 4-5-325 is reversed; and the Browns are not entitled to recovery of attorney's fees under this statute.
>
> \*\*\*
>
> As to the Browns' petition for judicial review for recovery from this Court or remand to the ALJ for attorney's fees under 42 U.S.C. §1988, it is ORDERED that the petition is dismissed with prejudice. The Browns shall not recover because they have failed to demonstrate on the record asserted Fourth, Fifth and Fourteenth Amendment constitutional violations on which to premise recovery of attorney's fees under 42 U.S.C. section 1988. The above ruling that [the Department] did not issue a citation and was not the initial entity for the seizure, this Court concludes, precludes liability under the Fourth Amendment. As to the Fifth and Fourteenth Amendment due process claims, the Browns failed to provide sufficient analysis of the law and facts of record under *Paratt v. Taylor*, 451 US. 527 (1981) doctrine to establish a Fifth and Fourteenth Amendment violation for recovery of 42 U.S.C. § 1988 attorney's fees.

The Browns appeal.

## II. Issues

The Browns raise the following issues for review:

1. Did the Chancery Court lack subject matter jurisdiction because there was not a Tennessee Code Annotated section 4-5-314(c) final order, or Tennessee Code Annotated section 4-5-322(a)(1) final decision, by the Administrative Judge, on the aspect of the Browns' claims for attorney's fees pursuant to 42 U.S.C. § 1988(b) made applicable to Tennessee proceedings by *Bloomingdale's by Mail v. Huddleston*, 848 S.W.2d 52 (Tenn. 1992) and Tennessee administrative proceedings pursuant to *Wimley v. Rudolph*, 931 S.W.2d 513 (Tenn. 1996).
2. Did the Chancellor err by dismissing the Browns' 42 U.S.C. § 1988(b) claims for attorney's fees.
3. Were letters issued by [the Department] within the meaning of Tennessee Code Annotated section 4-5-325(a) "Citation[s]. . . for the violation of a rule,

regulation or statute," or the functional equivalent of "Citations[s]. . . for the violation of a rule, regulation or statute."

4. Should this Court reverse the Chancery Court's denial of attorney's fees with instructions to remand to the Administrative Judge to render a final order on the Browns' pretermitted 42 U.S.C. § 1988(b) claims, and for awards of attorney's fees for representation in the Chancery Court, and on appeal pursuant to Tennessee Code Annotated section 4-5-325(a) and/or 42 U.S.C. § 1988(b).

## III. Standard of Review

Judicial review of civil forfeiture proceedings is primarily governed by the Tennessee Uniform Administrative Procedures Act ("UAPA"). *Nicholas v. Tenn. Dep't of Safety & Homeland Sec.*, No. M2017-01674-COA-R3-CV, 2018 WL 3831518, at *2 (Tenn. Ct. App. Aug. 13, 2018); *McEwen v. Tenn. Dep't of Safety*, 173 S.W.3d 815, 819 (Tenn. Ct. App. 2005). Under the version of Tennessee Code Annotated section 4-5-322(h) in effect when the trial court rendered its decision, the agency's decision may be reversed or modified if the decision is shown to be:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Arbitrary or capricious or characterized by abuse of
discretion or clearly unwarranted exercise of discretion; or
(5)(A) Unsupported by evidence which is both substantial and
material in the light of the entire record. . . .

Tenn. Code Ann. § 4-5-322(h). In forfeiture cases, this standard is slightly modified. Instead of the substantial-and-material-evidence standard under section 4-5-322(h)(5), the preponderance-of-evidence standard is used in determining whether to sustain or reverse the final agency order. Tenn. Code Ann. § 40-33-213(a) (stating that in appeals of forfeiture cases "[t]he reviewing court shall use the preponderance of evidence standard in determining whether to sustain or reverse the final order of the applicable agency."); *McEwen*, 173 S.W.3d at 819-20.

## IV. Analysis

Before turning to the issues, we pause to review the statutory scheme applicable to the forfeiture of Appellants' property. Pursuant to Tennessee Code Annotated section 53-11-451(a), certain property is subject to forfeiture, including controlled substances, vehicles used or intended for use to transport or facilitate the transportation of controlled substances, and all "moneys . . . used, or intended to be used, to facilitate any violation of the Tennessee Drug Control Act. . . ." Tenn. Code Ann. § 53-11-451(a). Property seized

under section 53-11-451(a) is subject to the forfeiture scheme outlined in Tennessee Code Annotated section 40-33-201, *et seq.* ("All personal property, including conveyances, subject to forfeiture under . . . § 53-11-451 . . . shall be seized and forfeited in accordance with the procedure set out in this part."). The Tennessee Supreme Court has described the procedure applicable in this situation "as following 'an administrative model for the forfeiture of property.'" ***State v. Sprunger***, 458 S.W.3d 482, 495 (Tenn. 2015) (quoting ***Helms v. Tenn. Dep't of Safety***, 987 S.W.2d 545, 547 (Tenn. 1999)).

As discussed by the Tennessee Supreme Court, the procedures to which the State must adhere are as follows:

> Under [s]ection 40-33-203, the seizing officer may seize the subject property prior to the issuance of a forfeiture warrant. Tenn. Code Ann. § 40-33-203 (2012). To notify the affected person of the seizure, the seizing officer must "prepare a receipt titled a 'Notice of Seizure'" and must "provide the person found in possession of the property" the receipt. Tenn. Code Ann. § 40-33-203(a), (c) (2012). Among other things, the Notice of Seizure must include "[t]he procedure by which recovery of the property may be sought, including any time periods during which a claim for recovery must be submitted." Tenn. Code Ann. § 40-33[-]203(c)(5) (2012).
>
> After the initial seizure of the property, no further action may be taken until the appropriate court issues a forfeiture warrant. Tenn. Code Ann. § 40-33-204. The forfeiture warrant authorizes the institution of forfeiture proceedings. Tenn. Code Ann. § 40-33-204(a). The officer who made the seizure must apply for the forfeiture warrant "within five (5) working days following the property seizure." Tenn. Code Ann. § 40-33-204(b) (2012). He or she does so "by filing a sworn affidavit." *Id*. The officer's sworn affidavit must contain specific information detailed in the statute, including the "legal and factual basis making the property subject to forfeiture." Tenn. Code Ann. § 40-33-204(b)(1).
>
> The court considering the seizing officer's application for a forfeiture warrant must conduct an *ex parte* hearing on the application. Tenn. Code Ann. § 40-33-204(b). The statute mandates that the *ex parte* hearing "shall be recorded" and specifies: "It is the duty of the court to maintain the recording." *Id*. The court may issue the forfeiture warrant only if it finds the seizing officer offered proof that establishes probable cause to believe that the property is subject to forfeiture, is owned by one whose interest is described in public records, and that the property owner's interest is subject to forfeiture. Tenn. Code Ann. § 40-33-204(c)(1).
>
> If the forfeiture court finds probable cause and issues the forfeiture warrant, it must "have attached to [the warrant] a copy of the notice of seizure." Tenn. Code Ann. § 40-33[-]204(b). The forfeiture court must also "retain the affidavit relied upon in support of the warrant." Tenn. Code Ann.

- 5 -

§ 40-33-204(g). The statute states: "By signing and issuing the forfeiture warrant, the judge is affirming that the required finding of probable cause necessary to issue the warrant has been made." ***Id.***

Within seven working days of the issuance of the forfeiture warrant, the seizing officer must send the warrant, the notice of seizure, and a copy of the seizing officer's affidavit to the applicable agency. ***Id***. In this way, the agency becomes the forum for the forfeiture proceedings. The agency's receipt of the documents from the seizing officer triggers its responsibility to inform any other potential owners of the seized property of the issuance of the forfeiture warrant. Tenn. Code Ann. § 40-33-204(g). The agency then considers anew the basis for the forfeiture; after considering the notice of seizure and forfeiture warrant "and after interviewing any witnesses," the agency must "release the property if there is no legal and factual basis for forfeiture." ***Id***.

If a claimant of the seized property wishes to contest the forfeiture, within thirty days of being notified by the applicable agency of the issuance of the forfeiture warrant, the property owner must file a written claim with the applicable agency. Tenn. Code Ann. § 40-33-206 (2012). The written claim must request a hearing and state the person's interest in the seized property, and the claimant must file any applicable bond. Tenn. Code Ann. §§ 40-33[-]206(a), (b)(1), and -208 (2012). The claimant's compliance with the required procedures then entitles him or her to a contested hearing before the agency under the Uniform Administrative Procedures Act. Tenn. Code Ann. § 40-33-209(d) (2012). Within thirty days after the filing of the written claim and any applicable bond, the agency must establish a hearing date and set the case on its docket. *See* Tenn. Code Ann. § 40-33-207(a) (2012).

At the contested administrative hearing, the State must prove by a preponderance of the evidence that the property at issue is subject to forfeiture. Tenn. Code Ann. § 40-33-210(a) (2012); *see also* ***Helms***, 987 S.W.2d at 547. The statutes detail what the State is required to prove at the hearing:

> (a) In order to forfeit any property or any person's interest in the property . . ., the state shall have the burden to prove by a preponderance of evidence that:
> (1) The seized property was of a nature making its possession illegal or was used in a manner making it subject to forfeiture under the sections set out in this subsection (a); and
> (2) The owner or co-owner of the property knew that the property was of a nature making its possession illegal or was being used in a manner making it subject to forfeiture, or, in the case of a secured party, that the standards set out in subsection (f) are met.

- 6 -

(b)(1) Failure to carry the burden of proof shall operate as a bar to any forfeiture and the property shall be immediately returned to the claimant.

Tenn. Code Ann. § 40-33-210 (2012). Any party aggrieved by the agency's decision then has the right to seek judicial review of the agency's decision by filing a written notice in either the Circuit or Chancery Court of Davidson County. Tenn. Code Ann. § 40-33-213(a), (c) (2012). As noted in **Helms**, "[j]udicial review is conducted without a jury and is limited to the administrative record, except to the extent that Tenn. Code Ann. §§ 4-5-322(e) and -322(g) permit the introduction of additional evidence.", 987 S.W.2d at 547.

**Sprunger**, 458 S.W.3d at 495-98 (footnotes omitted). With the foregoing in mind, we turn to address the issues in the current appeal.

## A. Trial Court's Jurisdiction

As an initial matter, the Browns challenge the trial court's subject matter jurisdiction. As noted above, the ALJ awarded the Browns' attorney's fees solely under Tennessee Code Annotated section 4-5-325(a), but it did not address their claim for attorney's fees under 42 U.S.C. § 1988, which provides that "[i]n any action or proceeding to enforce [the listed federal civil rights laws], the court, in its discretion, may allow the prevailing party. . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). As a threshold matter, the Browns assert that the ALJ's failure to address their 42 U.S.C. § 1988 theory resulted in the ALJ's order not being final under Tennessee Code Annotated sections 4-5-314(a), (c), which provide, in relevant part:

(a) An agency with statutory authority to decide a contested case shall render a final order.

\*\*\*

(c) A final order, initial order or decision under § 50-7-304 shall include conclusions of law, the policy reasons therefor, and findings of fact for all aspects of the order, including the remedy prescribed . . . .

Tenn. Code Ann. § 4-5-314(a), (c). In the alleged absence of a final order from the ALJ, the Browns maintain that the trial court did not obtain subject matter jurisdiction over the case. Tenn. Code Ann. § 4-5-322(a)(1) ("A person who is aggrieved by a **final decision** in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review.") (emphasis added). As explained by this Court in the

recent case of ***Holland v. Tennessee Department of Safety & Homeland Security***, section 1988(b) "does not authorize an ALJ in an administrative proceeding to award fees. '[O]nly a court in an action to enforce one of the civil rights laws listed in § 1988 may award attorney's fees.'" ***Holland v. Tenn. Dep't. of Safety & Homeland Sec.***, No. M2020-01044-COA-R3-CV, 2022 WL 852906, at \*4 (Tenn. Ct. App. March 23, 2022) (quoting ***N. Carolina Dep't of Transp. v. Crest St. Cmty. Council, Inc.***, 479 U.S. 6, 15 (1986)).

Although it was not within the ALJ's purview to award attorney's fees under section 1988, Appellant contends that the ALJ's failure to address the question resulted in its order not being a final judgment. The ***Holland*** Court addressed the exact arguments espoused by Appellants in this case, to-wit:

> Ms. Holland argues that the order granting her fee request was not final because the ALJ did not address whether she was entitled to fees under the federal statute. *See* 42 U.S.C. § 1988(b) (Supp. 2020). Here, in a previous order, the ALJ dismissed the forfeiture proceeding and ordered the return of the vehicle and cost bond. Later, the ALJ awarded Ms. Holland the full amount of her requested attorney's fees. After entry of these two orders, there was nothing left to adjudicate. *See **Ball**[ **v. McDowell**, 288 S.W.3d [833,] at 836-37 [(Tenn. 2009) (explaining that a final judgment is a judgment "that resolves all of the parties' claims and leaves the court with nothing to adjudicate")].
>
> We recognize that Ms. Holland claimed that she was entitled to attorney's fees under two different statutes. Still, she was only entitled to one recovery. *See **TSC Indus., Inc. v. Tomlin***, 743 S.W.2d 169, 172 (Tenn. Ct. App. 1987) (explaining that "where there is only one injury the law permits only one recovery"); ***Ford Motor Co. v. Taylor***, 446 S.W.2d 521, 530 (Tenn. Ct. App. 1969) ("[C]are should be exercised to avoid double recoveries."). As Ms. Holland had been fully compensated by the ALJ's order under the state statute, she could not also recover under the federal statute. Under the circumstances and based on our interpretation of the federal statute, we conclude that the failure to address fees on the alternative theory of 42 U.S.C. § 1988(b) did not render the ALJ's order interlocutory.
>
> Ms. Holland also contends that the ALJ's order was not final because it did not include findings of fact and conclusions of law for all aspects of her claim. For this proposition, she cites Tennessee Code Annotated § 4-5-314(c). Ms. Holland misapprehends the statutory requirement. The UAPA mandates that all "final [and] initial order[s] . . . include conclusions of law, the policy reasons therefor, and findings of fact for all aspects of the order, including the remedy prescribed." Tenn. Code Ann. § 4-5-314(c) (2021). This requirement is essential for effective judicial review of administrative decisions. *See **Levy v. State Bd. of Exam'rs for Speech Pathology & Audiology***, 553 S.W.2d 909, 911-12 (Tenn. 1977) (discussing predecessor

- 8 -

statute); ***Swift Roofing, Inc. v. State***, No. M2010-02544-COA-R3-CV, 2011 WL 2732263, at *6 (Tenn. Ct. App. July 13, 2011). But it has no bearing on whether an administrative order is final.

*Id*. at *2-3. Under the holdings in **Holland**, Appellants' arguments are unpersuasive. Once the ALJ awarded the Browns fees under section 4-5-325(a), it was simply not necessary for the ALJ to address whether the Browns were entitled to their fees under the alternative theory, i.e., 42 U.S.C. § 1988. The ALJ's order was a final decision, which conferred subject matter jurisdiction to the trial court.

## B. Fees under Tennessee Code Annotated section 4-5-325

When the Browns' property was seized, Tennessee Code Annotated section 4-5-325(a) provided, in relevant part:[1]

> (a) When a state agency issues a citation to a person, local governmental entity, board or commission for the violation of a rule, regulation or statute and such citation results in a contested case hearing, at the conclusion of such hearing, the hearing officer or administrative law judge may order such agency to pay to the party issued a citation the amount of reasonable expenses incurred because of such citation, including a reasonable attorney's fee, if such officer or judge finds that the citation was issued:
>
> (1) Even though, to the best of such agency's knowledge, information and belief formed after reasonable inquiry, the violation was not well grounded in fact and was not warranted by existing law, rule or regulation; or
> (2) For an improper purpose such as to harass, to cause unnecessary delay or cause needless expense to the party cited.

Tenn. Code Ann. § 4-5-325(a).

The Browns argue that they are entitled to attorney's fees under the foregoing statute and maintain that the trial court erred in reversing the ALJ's award of same. As set out in context above, a threshold requirement for the award of attorney's fees under section 4-5-325(a) is that the Department "issue[d] a citation" to the Browns. Before turning to that specific question, we note that our goal in statutory construction is to "carry out legislative intent without broadening or restricting the statute beyond its intended scope." ***In re Estate***

---

[1] The statute was amended effective May 12, 2021. See 2021 Tenn. Pub. Acts, ch. 403, § 1. The Department's notices of forfeiture warrant were sent to the Browns in early May 2015, and the ALJ awarded fees under the statute on September 13, 2017. Accordingly, the amended version of the statute does not apply here. ***C-Wood Lumber Co. v. Wayne Cty. Bank***, 233 S.W.3d 263, 282 (Tenn. Ct. App. 2007) ("[S]tatutes are generally not given retroactive effect unless the legislature has clearly expressed an intention that the new statute is to be applied retroactively.").

*of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009) (citing *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002)). As such, we presume that every word contained in a statute has both meaning and purpose and should therefore be given its full effect if the General Assembly''s obvious intention is not violated in doing so. *Id.* at 613-14 (citing *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005)). Thus, when the language of a statute is unambiguous, we apply its plain meaning. *State v. Wilson*, 132 S.W.3d 340, 341 (Tenn. 2004) (citing *Carson Creek Vacation Resorts v. Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993)). Essentially, "[o]ur obligation is simply to enforce the written language." *In re Estate of Tanner*, 295 S.W.3d at 614 (citing *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006)).

Administrative forfeiture proceedings are actions "in rem, regarding the property." *State v. Sprunger*, 458 S.W.3d at 492. "[I]t is the property itself which is targeted, not the owner of the property." *Stuart v. State Dep't of Safety*, 963 S.W.2d 28, 33 (Tenn. 1998); *In re Tenn. Walking Horse Forfeiture Litig.*, No. W2013-02804-COA-R3CV, 2015 WL 1636704, at *3 (Tenn. Ct. App. Apr. 8, 2015) ("[T]he defendant in a civil forfeiture action is the subject property, rather than any owners or interest holders in the property."). As such, they do not involve the issuance of a citation to the person. Forfeiture proceedings are commenced through the issuance of a forfeiture warrant by a judge at the request of the seizing agency, here, the Eighth Judicial Drug Task Force. *Sprunger*, 458 S.W.3d at 496-97; Tenn. Code Ann. § 40-33-204(a) ("Once personal property is seized pursuant to an applicable provision of law, no forfeiture action shall proceed unless a forfeiture warrant is issued in accordance with this section . . . ."). It is only after the seizing agency has seized the property and applied to the court for a forfeiture warrant that the "applicable agency," here, the Department, receives the warrant, the supporting affidavit, and the notice of seizure. Tenn. Code Ann. § 40-33-204(g) ("Upon issuance of the forfeiture warrant, the judge shall . . . within seven (7) working days, send the warrant, a copy of the affidavit and the notice of seizure to the applicable agency.").

The Browns make two arguments in furtherance of their contention that they are entitled to attorney's fees under Tennessee Code Annotated section 4-5-325. First, they contend that the inclusion of the notices of seizure and the notice of forfeiture warrant with the Department's notice letter somehow constitutes the Department's issuance of the "functional equivalent" of a citation. In the alternative, they argue that this Court's holding in *American Child Care, Inc. v. State*, 83 S.W.3d 148 (Tenn. Ct. App. 2001) excuses the "citation" criterion.

The appellant in *Holland* made the same arguments. Concerning the "functional equivalent of a citation" argument, the *Holland* Court explained:

> Ms. Holland insists that the notice she received from the Department was a
> citation or, at least, the functional equivalent of one. We find her argument
> unavailing. The notice did not command her to appear at a certain time and

place to do something or to defend against a charge. See Citation, BLACK'S LAW DICTIONARY (11th ed. 2019). Rather, the notice gave her an opportunity to file a claim alleging an interest in the seized property and requesting a hearing. See Tenn. Code Ann. § 40-33-206.

*Holland*, 2022 WL 852906, at \*4. The same is true here. Under the statutory scheme, notices of seizure are provided by the seizing officer (here, an officer with the Eighth Judicial Drug Task Force) to persons in possession of the seized property; these notices are not provided by the Department. *See* Tenn. Code Ann. § 40-33-203(c) ("Upon the seizure of any personal property subject to forfeiture pursuant to § 40-33-201, the seizing officer shall provide the person found in possession of the property, if known, a receipt titled a "Notice of Seizure."). Likewise, the Department did not issue the forfeiture warrant; rather, the warrant was issued by a circuit court judge. The Browns cite no authority for the proposition that enclosing a document issued by another agency transforms the sender into the issuer of the enclosure, and we find no authority to support such suggestion. In sum, the Department did not issue a citation to the Browns.

In the alternative, the Browns rely on the case of *American Child Care*, where this Court held that the Department of Human Services was liable for attorney's fees under Tennessee Code Annotated section 4-5-325(a). *American Child Care,* 83 S.W.3d at 148. In *American Child Care*, the agency "skipped the citation and issued a summary suspension under an internal zero tolerance policy that the [trial] court found to be invalid . . .[t]hen . . . ignored the statutory requirement of meaningful hearing." *Id.* at 153. We explained that to hold that the agency did not owe attorney's fees because it failed to issue a formal citation would "exal[t] form over substance" and "incentivize the agency to adopt the same procedure in the future." *Id.* *American Child Care* is readily distinguishable from the instant case. Unlike *American Child Care*, here, the Department did not "skip" the issuing of a citation. Rather, as discussed in detail above, the Department does not issue citations in *in rem* forfeiture proceedings. We conclude that the more recent case of *Groves v. Tennessee Department of Safety and Homeland Security*, No. M2016-01448-COA-R3-CV, 2018 WL 6288170 (Tenn. Ct. App. Nov. 30, 2018), *perm. app. denied* (Tenn. May 16, 2019), is dispositive. In *Groves*, we held that the notification letter sent by the Department on the issuance of a forfeiture warrant was not a citation. *Id.* at \*5 ("Here, Mr. Groves was not a 'party issued a citation' for 'the violation of a rule, regulation or statute.' The only document sent to Mr. Groves was a notice that a forfeiture warrant had been issued for the vehicle."). The same is true here; the only document sent by the Department to the Browns was the letter notifying the Browns that the forfeiture warrant had been issued based on the notices of seizure provided to the circuit court by the law enforcement officers conducting the seizure. The *Groves* case makes clear that Tennessee Code Annotated section 4-5-325(a) does not provide for recovery of fees against the Department under such circumstances. *Id.* ("[T]he statute relied on by Mr. Groves for payment of attorney's fees [i.e., Tennessee Code Annotated section 4-5-325(a)] did not authorize such an award in these circumstances . . . ."); *accord Holland*, 2022 WL 852906,

- 11 -

at *4 (citing Tenn. Code Ann. § 40-33-204; *Sprunger*, 458 S.W.3d at 497-98) ("Here, the Department did not skip over the citation stage. No citations are issued to a vehicle owner in a forfeiture proceeding. Ms. Holland was not entitled to an award of attorney's fees based on Tennessee Code Annotated § 4- 5- 325(a)."). For these reasons, the trial court correctly held that the ALJ's award of attorney's fees under Tennessee Code Annotated section 4-5-325(a) was error.

### B. Attorney's Fees under 42 U.S.C. § 1988
### for violations of 42 U.S.C. § 1983

The Browns argue that the trial court erred in denying their claim for attorney's fees under 42 U.S.C. § 1988. As noted above, attorney's fees may be awarded under 42 U.S.C. § 1988 to prevailing parties in an action or proceeding to enforce certain statutory or constitutional rights, including (as relevant here) constitutional rights capable of being enforced under 42 U.S.C. § 1983. 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce [the listed federal civil rights laws], the court, in its discretion, may allow the prevailing party. . . a reasonable attorney's fee as part of the costs."). Under Tennessee law, "[i]n order to establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must demonstrate that: (1) the defendant was acting under the color of state law; and (2) the defendant's conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or federal law." *Davidson v. Bredesen*, 330 S.W.3d 876, 887 (Tenn. Ct. App. 2009) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986) (clarifying that the "[m]ere lack of due care by a state official does not 'deprive' an individual of life, liberty or property under the Fourteenth Amendment.")).

### 1. Whether the Browns state a claim for violation
### of the Fourth Amendment

The Fourth Amendment to the United States Constitution provides:

Unreasonable searches and seizures.—The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

Similarly, Article 1, § 7 of the Tennessee Constitution guarantees

that the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not

named, whose offences are not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted.

The intent and purpose of the prohibition against unreasonable searches and seizures found in the Tennessee Constitution has been found to be the same as that found in the Fourth Amendment to the United States Constitution. *See* **State v. Simpson**, 968 S.W.2d 776, 779 (Tenn. 1998). According to the Supreme Court, the purpose of the prohibition against unreasonable searches and seizures in the Fourth Amendment is to "safeguard the privacy and security of individuals against arbitrary invasions of government officials." **Camara v. Municipal Court**, 387 U.S. 523, 528 (1967). The Fourth Amendment protects people, not places, wherever they may have a "reasonable expectation of privacy." **Katz v. United States**, 389 U.S. 347, 361 (1967) (Harlan, J. concurring).

In its March 25, 2021 order, the trial court held that the "[Department] is not the seizing authority so there is no Fourth Amendment violation by [the Department]." Contrary to the trial court's holding, in their appellate brief, the Browns argue:

> The Chancellor cited T.C.A. § 40-33-204(g), however the Chancellor did not apply, or make findings or conclusions of law, regarding the T.C.A. § 40-33-204(g) requirement that [the Department] review the forfeiture warrant, that incorporated the § 40-33-204(b)(1) affidavit quoted above, and conduct a new investigation of the factual and legal basis to continue to seize the property for forfeiture.
> The Browns claim that the requirements of T.C.A. § 40-33-204(g), and [the Department's] approval of the T.C.A. § 40-33-204(b) affidavit, resulted in [the Department] becoming a "state agency" that reviewed and approved the seizure and the Chancellor's ruling of law that only the "seizing agency" could violate the U.S. Const. Fourth Amendment being in error.

In **Morton v. Knoxville County Sheriff's Department**, No. E2017-02077-COA-R9-CV, 2019 WL 645042 (Tenn. Ct. App. Feb. 15, 2019), *perm. app. denied* (Tenn. June 19, 2019), this Court addressed the same argument that the Browns make here. As in the instant appeal, in **Morton**, the appellant argued that the Knox County Sheriff's Deputy was the initial seizing officer, but "the department became the seizing authority and/or seizing agency after it refused to terminate forfeiture proceedings required by § 40-33-204(g)." *Id.* at *6. The **Morton** Court held that the "Department could be liable to Morton **if it acted in bad faith** in refusing to release the seized property after discovering the valid lien. Both [the Department and the Sheriff's Deputy] could be 'seizing authorities' within the meaning of section 40-33-215." *Id.* at *7 (emphasis added).[2] Under the holding in **Morton**, the Department may be considered the "seizing agency" if it acted in bad faith. However,

---

[2] We note that the **Morton** Court also held that Tennessee Code Annotated section 40-33-215 removes sovereign immunity. **Morton**, 2019 WL 645042, at *7.

- 13 -

unlike in ***Morton***, here, there was no such finding. As set out in its March 25, 2021 order, the trial court reiterated the ALJ's finding that the Department did not act in bad faith, to-wit:

> No bad faith but failed good faith by TDOS—"It is clear the Department did not fulfill its statutory obligation in this case. The seizure statute directs the Department that 'upon receipt of the notice of seizure and forfeiture warrant and after interviewing any witnesses, the [Department] shall release the property if there is no legal or factual basis for forfeiture.' T.C.A. §40-33-204(g). If the Department had, it would have immediately learned that this was a bad seizure and returned the property. Instead, it pursued a course of action with a goal of winning the case at any cost. While one cannot say the Department pursued this course of action in bad faith, it is clear it was not a failed good faith course of action. . . .

In the absence of a finding of bad faith on the part of the Department, the trial court's holding that the "[Department] is not the seizing authority so there is no Fourth Amendment violation by [the Department]" was correct.

### 2. Whether the Browns state a claim for violation of the Fifth and Fourteenth Amendments.

Having determined that the Browns failed to state a Fourth Amendment claim, we turn to the question of whether they may recover fees under § 1988(b) for Fifth and Fourteenth Amendment violations under § 1983. A plaintiff seeking to establish a procedural-due-process claim under § 1983 must show: "(1) the existence of a protected property interest at issue, (2) a deprivation of that protected property interest, and (3) that he or she was not afforded adequate procedures." ***Sherman v. State of Tennessee***, No. 16-02625, 2017 WL 2589410, at \*15 (W.D. Tenn. June 14, 2017) (quoting ***Paterek v. Village of Armada***, 801 F.3d 630, 649 (6th Cir. 2015)). To establish the third element, a plaintiff must show "that the property deprivation resulted from either: (1) an established state procedure that itself violates due process rights, or (2) a 'random and unauthorized act' causing a loss for which available state remedies would not adequately compensate the plaintiff." ***Id***. (quoting ***Warren v. City of Athens***, 411 F.3d 697, 709 (6th Cir. 2005)). In ***Parratt***, the United States Supreme Court held that courts may dismiss procedural-due-process claims "if the state provides an adequate postdeprivation remedy." 451 U.S. at 538. As explained by the United States District Court for the Western District of Tennessee:

> Under the Parratt doctrine, "[c]ourts may dismiss a procedural due process claim if the state provides an adequate postdeprivation remedy and (1) the deprivation was unpredictable or random; (2) predeprivation process was impossible or impracticable; and (3) the state actor was not authorized to take the action that deprived the plaintiff of property or liberty." ***Daily Servs.***,

- 14 -

[***LLC v. Valentino***,]756 F.3d [893,] at 907 [6th Cir. 2014)] (quotation marks omitted). "In this context, 'unauthorized' means that the official in question did not have the power or authority to effect the deprivation, not that the act was contrary to law." ***Warren*** [***v. City of Athens, Ohio***,] 411 F.3d [697,] at 709-10 [(6th Cir. 2005)]. A plaintiff alleging "an established state procedure that itself violates due process rights" does "not need to demonstrate the inadequacy of state remedies." ***Id***. at 709. But for a plaintiff alleging random and unauthorized acts, the "Parratt rule creates the requirement that plaintiffs in such circumstances must prove that the post-deprivation process afforded by the state is somehow inadequate to right the wrong at issue." ***Macene*** [***v. MJW, Inc.***,] 951 F.2d [700,] at 706 [(6th Cir. 1991)]. "The failure to so plead in this circuit, therefore, renders a section 1983 complaint subject to dismissal." ***Watts v. Burkhart***, 854 F.2d 839, 843 (6th Cir. 1988).

***Sherman***, 2017 WL 2589410, at *16.

In its March 25, 2021 order, the trial court held that "[n]either in the administrative proceedings before the ALJ nor in this Court have the Browns provided analysis from the record of the application of the [Parratt] doctrine." In a footnote, the trial court clarified that the Browns "provided no analysis and/or legal argument that the civil forfeiture procedure in this case is inadequate to redress the alleged deprivation of the Browns' property." From our review, we agree. In the absence of any pleading alleging that the forfeiture process offered by the State is inadequate, the trial court did not err in denying the Browns attorney's fees under § 1988(b) for Fifth and Fourteenth Amendment violations under § 1983. ***Id***.

Finally, the Browns request for appellate attorney's fees is denied. As discussed above, there is no basis for an award of attorney's fees in this case.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The Browns' request for appellate attorney's fees is denied, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellants, Larry Brown and Chandra Brown, for all of which execution may issue if necessary.

s/ Kenny Armstrong<br>
KENNY ARMSTRONG, JUDGE